UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TODD KREISLER,

                Plaintiff,

                                                  Civil Action No.: 12 Civ. 4052 (PAE)
                                                  ECF CASE

      v.

                                                  **ATTORNEY'S AFFIRMATION**

KAIS ABID d/b/a PAPA JOHN'S,
PARKER EAST 24th APARTMENTS, LLC,
a New York limited liability company
and 305 EAST 24TH OWNERS CORP.,
a New York corporation,

                Defendants.
-------------------------------------------------------------- x

        Plaintiff, TODD KREISLER, by and through his undersigned counsel, hereby files this Attorney's Affirmation seeking an Entry of Default Final Judgment against defendant, KAIS ABID d/b/a PAPA JOHN'S, and as grounds therefore states as follows:

        1.     The Plaintiff filed a Complaint on May 22, 2012, and an Amended Complaint on August 3, 2012, for the defendant's lack of compliance with Title III of the Americans with Disabilities Act, the Administrative Code of the City of New York § 8-107 et. seq., (hereinafter referred to as the "New York City Human Rights Law" or "NYCHRL"), and the New York State Executive Law § 296 et. seq., (hereinafter referred to as the "New York State Human Rights Law" or "NYSHRL"). Copies of all pleadings are attached hereto as Exhibit "A".

        2.     KAIS ABID d/b/a PAPA JOHN'S was served with the Amended Summons and Amended Complaint on August 21, 2012 and proof of such service was filed on August 29, 2012. The Affidavit of Service is attached hereto as Exhibit "B".

3. On January 17, 2013, the Clerk of the Court entered a Certificate of Default against defendant KAIS ABID d/b/a PAPA JOHN'S for its failure to file an answer or otherwise move with respect to the Complaint within the time limits prescribed by the Federal Rules of Civil Procedure. The Certificate from the Court stating that KAIS ABID d/b/a PAPA JOHN'S has failed to file an Answer is attached hereto as Exhibit "C".

4. The Complaint seeks, *inter alia,* an Order requiring the defendant to make all necessary modifications to the restaurant to eliminate all barriers that prevent full and equal access by individuals with mobility impairments to the full extent required by Title III of the Americans with Disabilities Act.

5. The pleading to which no response has been made by defendant KAIS ABID d/b/a PAPA JOHN'S, was properly served. Upon information and belief, KAIS ABID, d/b/a PAPA JOHN'S, is not an infant, mentally incompetent or in the military service of the United States.

6. To date, defendant, KAIS ABID d/b/a PAPA JOHN'S has not filed an answer or otherwise moved with respect to the Complaint, despite having filed a Notice of Appearance and having appeared in this action on December 16, 2013.

7. The defendant has violated the Americans with Disabilities Act, the New York City Human Rights Law and the New York State Human Rights Law, and accordingly, the Plaintiff respectfully requests that the Final Default Judgment require defendant, KAIS ABID d/b/a PAPA JOHN'S to remove architectural barriers on the PAPA JOHN'S premises that constitute violations of the ADA, NYSHRL, and/or NYCHRL, as described in the Complaint, including, but limited to:

     i. Provide an accessible entrance by installing a ramp with appropriate slope, or otherwise provide an accessible and properly designated entrance with the international symbol of accessibility.

     ii. Provide signage addressing people with disabilities telling them that accessible services are provided.

     iii. Provide adequate directional and accurate informational signage.

     iv. Provide accessible fixed seating within the restaurant.

     v. Provide an accessible counter, at an accessible height, where patrons dine in Papa John's.

8. The Plaintiff respectfully requests that defendant KAIS ABID d/b/a PAPA JOHN'S to comply with the terms of the Final Judgment within ninety (90) days of the entry of the judgment; and this Honorable Court retain jurisdiction relating to the Plaintiff's attorney's fees, and said motion shall be filed within fourteen (14) days of entry of this Final Judgment.

9. Although the default is applicable to fewer than all of the defendants, the Court may appropriately enter a default on, *inter alia*, the issue of damages, including interest, attorney's fees and costs. An inquest is not required under Fed. R. Civ. P. 55(b) (2), and in this case an inquest into damages is unnecessary.

10. Based upon the foregoing, the Plaintiff respectfully requests that a Final default Judgment be entered against KAIS ABID d/b/a PAPA JOHN'S. A proposed default judgment is attached hereto as Exhibit "D".

WHEREFORE, based on the foregoing and pursuant to the Clerk's Default dated January 17, 2013, the Plaintiff respectfully requests that this Honorable Court issue a Final Judgment

against defendant, KAIS ABID d/b/a PAPA JOHN'S, in accordance with the relief sought in Plaintiff's Complaint, as well as any further relief this Court deems equitable and just.

I, Adam T. Shore, declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January 17, 2013

Respectfully submitted,

Adam T. Shore, Esq.
Law Offices of Adam Shore, PLLC
Attorney for Plaintiff
100 Park Avenue, Suite 1600
NewYork, New York 10017
(t) 646-476-4296
(f) 646-390-7422
atsesq@gmail.com