UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TODD KREISLER,

                                           Plaintiff,

-against-

PAPA JOHN'S USA, INC., a Kentucky business corporation, d/b/a PAPA JOHN'S and 305 EAST 24TH STREET OWNERS CORP., a New York corporation,

                                           Defendants.
------------------------------------------------------------------------X

Index No: 12-CIV-4052
(PAE)

**ANSWER AND CROSS CLAIM**

       Defendant 305 East 24th Street Owners Corp., (the "Coop"), by its attorneys Cantor, Epstein and Mazzola, LLP, answers the complaint dated May 22, 2012 (the "Complaint") as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and refers all questions of law to the Court.

       2.     Admits the allegations set forth in paragraph 2 of the Complaint.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, except admits that the Coop is a New York corporation and owner of the subject real property located at 432 Second Avenue, New York, New York.

       5.     Admits the allegations set forth in paragraph 5 of the Complaint.

**AS AND FOR A RESPONSE TO COUNT 1 OF THE COMPLAINT**

       6.     The Coop neither admits nor denies the allegations set forth in paragraph 6 of the Complaint as that paragraph does not contain an allegation against the Coop.

1

7. Denies the allegations set forth in paragraph 7 of the Complaint and refers all questions of law to the Court.

8. Denies the allegations set forth in paragraph 8 of the Complaint and refers all questions of law to the Court.

9. Denies the allegations set forth in paragraph 9 of the Complaint.

10. Denies the allegations set forth in paragraph 10 of the Complaint and refers all questions of law to the Court.

11. Denies the allegations set forth in paragraph 11 of the Complaint and refers all questions of law to the Court.

12. Denies the allegations set forth in paragraph 12 of the Complaint and refers all questions of law to the Court.

13. Denies the allegations set forth in paragraph 13 of the Complaint and refers all questions of law to the Court.

14. Denies the allegations set forth in paragraph 14 of the Complaint.

15. Denies the allegations set forth in paragraph 15 of the Complaint and refers all questions of law to the Court.

16. Denies the allegations set forth in paragraph 16 of the Complaint and refers all questions of law to the Court.

**AS AND FOR A RESPONSE TO COUNT 2 OF THE COMPLAINT**

17. The Coop neither admits nor denies the allegations set forth in paragraph 17 of the Complaint as that paragraph does not contain an allegation against the Coop.

18. Denies the allegations set forth in paragraph 18 of the Complaint and refers all questions of law to the Court.

19. The Coop repeats and re-alleges its responses to paragraphs 1-18 of the Complaint as if fully set forth herein.

### AS AND FOR A RESPONSE TO COUNT 3 OF THE COMPLAINT

20. The Coop neither admits nor denies the allegations set forth in paragraph 20 of the Complaint as that paragraph does not contain an allegation against the Coop.

21. Denies the allegations set forth in paragraph 21 of the Complaint and refers all questions of law to the Court.

22. The Coop repeats and re-alleges its responses to paragraphs 1-21 of the Complaint as if fully set forth herein.

### AS AND FOR A RESPONSE TO PLAINTIFF'S DEMAND FOR ATTORNEYS' FEES

23. Denies the allegations set forth in paragraph 23 of the Complaint and refers all questions of law to the Court.

### AS AND FOR A RESPONSE TO PLAINTIFF'S DEMAND FOR DAMAGES

24. Denies the allegations set forth in paragraph 24 of the Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF'S DEMAND FOR INJUNCTIVE RELIEF

25. Denies the allegations set forth in paragraph 25 of the Complaint and refers all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. The Complaint is barred because plaintiff lacks standing.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. The Complaint is barred because the property at issue is not subject to the

3

Americans with Disabilities Act ("ADA") to the extent that the property at issue was built before the ADA was enacted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29.     The Complaint is barred because the Coop did not deny plaintiff full and equal opportunity to utilize its property on the basis of an alleged disability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30.     The Complaint was not initiated in good faith and is barred by the doctrine of unclean hands.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

31.     The accommodations requested in the Complaint constitute an undue burden and would fundamentally alter the Coop's services and facilities.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32.     The removal of any architectural barriers to access at the subject property is not readily achievable or feasible.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33.     Plaintiff is not entitled to injunctive relief because he has failed to show an injury-in-fact or a threat of real and immediate harm.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34.     Some or all of plaintiff's claims may be barred by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35.     The Complaint must be dismissed because plaintiff does not have a good faith intent to return to the subject property and patronize its facilities.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

36.     The Complaint must be dismissed for failure to provide proper notice of the conditions alleged in the Complaint and an opportunity to cure.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37.     Plaintiff's claims under the New York City and State Human Rights Laws must be dismissed because the Coop's property is eligible for an exemption based on bona fide considerations of public policy.

## AS AND FOR A CROSS-CLAIM AGAINST PAPA JOHN'S USA, INC.

38.     The Coop denies any liability to Plaintiff on any alleged grounds which form the basis of the relief sought in the Complaint. However, should there be a determination in favor of Plaintiff against the Coop, such liability will have resulted, in whole or in part, from the actions of co-defendant Papa John's USA, Inc., d/b/a Papa John's ("Papa John's").

39.     If this Court determines that any or all of the Coop's actions are the basis for liability, and if the Plaintiff recovers a judgment against the Coop for the damages alleged in the Complaint, then Papa John's shall be liable to the Coop for common law contribution and/or indemnification, in whole or in part, and any of such damages are to be apportioned between the Coop and Papa John's to the degree of responsibility that each is found to have.

**WHEREFORE,** defendant 305 East 24th Street Owners Corp., respectfully requests a judgment (i) dismissing the Complaint in its entirety with prejudice; (ii) in favor of the Coop and against co-defendant Papa John's USA, Inc., d/b/a Papa John's on its cross-claim; and (iii)

awarding such other and further relief as to this Court deems just, proper and equitable.

Dated:	New York, New York
	June 26, 2012	**CANTOR, EPSTEIN & MAZZOLA, LLP**
	*Attorneys for the Coop*

	By:	/s/ Gary S. Ehrlich
		Gary S. Ehrlich
		49 West 37th Street, 7th Floor
		New York, New York 10018

6