UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TODD KREISLER,      )
                    )
       Plaintiff,  )
                    )
                    )    Civil Action No.: 12 Civ. 4052 (PAE)
                    )    ECF CASE
  v.              )
                    )    AMENDED COMPLAINT
KAIS ABID d/b/a PAPA JOHN'S,   )
PARKER EAST 24th APARTMENTS, LLC, )
a New York limited liability company )
and 305 EAST 24TH OWNERS CORP., )
a New York corporation, )
                    )
       Defendants. )
-------------------------------------------------------------- x



      Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), by and through his undersigned counsel, hereby files this Amended Complaint and sues KAIS ABID d/b/a PAPA JOHN'S, PARKER EAST 24th APARTMENTS, LLC, a New York limited liability company, and 305 EAST 24TH OWNERS CORP., a New York corporation (hereinafter collectively the "Defendants"), for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York City Human Rights Law and the New York State Executive Law and allege:

### JURISDICTION AND PARTIES

    1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA"), the Administrative Code of the City of New York § 8-107 et. seq., (hereinafter referred to as the "New York City Human Rights Law"), and the New York State Executive Law § 296 et. seq., (hereinafter referred to as the "New York State Human Rights Law"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The New York

City and New York State claims are properly before this Court under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

2.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) in that all events giving rise to this lawsuit occurred in New York County, New York.

3.  At the time of the Plaintiff's visit to PAPA JOHN'S, prior to instituting the instant action, TODD KREISLER (hereinafter referred to as "KREISLER") was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. Mr. Kreisler has physical impairments resulting from cerebral palsy and rheumatoid arthritis, conditions that inhibit the major life activity of walking and substantially limit him in the exercise of normal bodily functions. Prior to filing this lawsuit, the Plaintiff personally visited PAPA JOHN'S, but was denied full and equal access to, and full and equal enjoyment of, the facilities within PAPA JOHN'S, which is the subject of this lawsuit.

4.  Upon information and belief, the Defendants, KAIS ABID d/b/a PAPA JOHN'S, PARKER EAST 24th APARTMENTS, LLC, a New York limited liability company, and 305 EAST 24TH OWNERS CORP., a New York corporation, are authorized to conduct, and are conducting business within the State of New York. Upon information and belief, KAIS ABID d/b/a PAPA JOHN'S is the sub-lessee and operator of the Subject Facility, and owner of the improvements on the real property where the Subject Facility is located, which are the subjects of this action, the restaurant commonly referred to as PAPA JOHN'S located at 432 Second Avenue, New York, New York (hereinafter referred to as "PAPA JOHN'S") which also maintains and controls the Subject Facility. Upon information and belief, PARKER EAST 24th APARTMENTS, LLC, a New York limited liability company is the lessee and sub-lessor of the

real property where the Subject Facility is located which is the subject of this action, the business commonly referred to as PAPA JOHN'S located at 432 Second Avenue, New York, New York (hereinafter the "Subject Facility") which also maintains and controls the subject real property. Upon information and belief, 305 EAST 24TH OWNERS CORP. is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, and owner of the improvements on the real property where the Subject Facility is located, which is the subjects of this action, the business commonly referred to as PAPA JOHN'S located at 432 Second Avenue, New York, New York (hereinafter the "Subject Facility") which also maintains and controls the subject real property.

5. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is located in New York County in the Southern District.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(a).

7. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, PAPA JOHN'S is a place of public accommodation in that PAPA JOHN'S operates as a restaurant which provides food, beverages and services to the public.

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

9. The Plaintiff is informed and believes, and therefore alleges, that PAPA JOHN'S

has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1992.

10. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at PAPA JOHN'S in derogation of 42 U.S.C. § 12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

11. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered at PAPA JOHN'S. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all of the benefits, accommodations and services of the Defendant, PAPA JOHN's restaurant. Prior to the filing of this lawsuit, KREISLER personally visited PAPA JOHN'S with the intention of using PAPA JOHN'S's facilities, but was denied full and safe access to the facilities within PAPA JOHN'S due to his mobility impairment and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit PAPA JOHN'S in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at PAPA JOHN'S in violation of the ADA.

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for

any subsequent violation.

13. The Defendants' Subject Facility is in violation of 42 U.S.C. § 12181 et. seq., the ADA, 28 C.F.R. § 36.302 et. seq., the 2010 ADA Standards for Accessible Design, and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

   i. Failure to provide an accessible entrance due to two steps and the failure to install a ramp with appropriate slope, or otherwise provide an accessible and properly designated entrance.

   ii. Failure to provide signage addressing people with disabilities telling them that accessible services are provided.

   iii. Failure to provide adequate directional and accurate informational signage.

   iv. Failure to provide any accessible seating within the restaurant due to fixed seating within the restaurant at inaccessible heights.

   v. Failure to provide an accessible counter, at an accessible height, where patrons dine in the subject facility.

14. Upon information and belief, there are other current violations of the ADA at PAPA JOHN'S and only once a full inspection is done can all said violations be identified.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 26, 1992. To date, the Defendants have

failed to comply with this mandate.

### COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

17.     The New York City Human Rights Law provides:

(a)  It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

NYC Admin. Code § 8-107(4)(a).

18.     Defendants' KAIS ABID d/b/a PAPA JOHN'S, PARKER EAST 24th APARTMENTS, LLC, and 305 EAST 24TH OWNERS CORP. are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

19.     The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 16 as if set forth in their entirety here.

### COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

20.     The New York State Human Rights Law provides:

(a)  It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …

NYS Exec. Law § 296 (2)(a).

21.     Defendants' KAIS ABID d/b/a PAPA JOHN'S, PARKER EAST 24th APARTMENTS, LLC, and 305 EAST 24TH OWNERS CORP. are in violation of the New

York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

22. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 19 as if set forth in their entirety here.

### ATTORNEY'S FEES AND COSTS

23. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

### DAMAGES

24. The Plaintiff demands ONE-THOUSAND DOLLARS ($1,000.00) in compensatory damages based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law.

### INJUNCTIVE RELIEF

25. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following relief:

A. The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA, the New York State Human Rights Law and the New York City Human Rights

Law;

B. The Court enter an Order requiring the Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA; and requiring the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

C. The Court award reasonable attorney's fees, costs, and litigation expenses, and such other and further relief of suit, to the Plaintiff;

D. The Court award compensatory damages to the Plaintiff based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law;

E. The Court award such other and further relief as it deems just and proper.

Dated this 3rd day of August 2012.

Respectfully submitted,

*[signature]*

Adam T. Shore, Esq.
The Law Offices of Adam Shore, PLLC
Attorney for Plaintiff
100 Park Avenue, Suite 1600
New York, New York 10017
Telephone:  (646) 476-4296
Facsimile:  (646) 390-7422
Email:      atsesq@gmail.com