# THE LAW FIRM OF BARRY N. FRANK & ASSOCIATES PC
### 440 WEST STREET, SUITE 307
### FORT LEE, NJ 07024

TEL.: (201) 482-0633
Fax: (201) 482-0631
Email: bnfrankesq.@gmail.com

**Barry N. Frank, Esq.**
ADMITTED IN NJ & NY

January 17, 2013

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
Via ECF to all parties

    Re: Todd Kreisler v. Kais Abid, et. al.
    Docket No. 12-cv-4052

Dear Judge Engelmayer:

I represent defendant Kais Abid in the above action. I am in receipt of your Order to Show Cause signed this afternoon. As you may recall, Mr. Abid was not named in the initial complaint but was named in the amended complaint dated August 3, 2012.

As the court correctly notes in two places in today's Order to Show Cause, I was in fact 38 minutes late to the December 10, 2012 hearing. Once again I apologize but there is nothing which I can do to change my prior tardiness. I note that the Order states that counsel for Abid was to respond to the Amended Complaint within three days. Respectfully I apologize because I did not hear any such instruction and, I did review the transcript and I did not see any such instruction in the transcript. While the transcript does reference a three day time frame (TR 24 at 17-19) my understanding was and remains that that time frame pertained to a prospective application and not the Answer.

As the court correctly notes in its footnote, I have indeed filed a Notice of Interlocutory Appeal. While the substance of that appeal is certainly a matter for the Appellate Court, since this is a matter of concern to Your Honor, I would just briefly explain as follows: as counsel for the true party in interest, I have an ethical obligation to my client. Insofar as the equitable relief sought is impossible and insofar as the fee shifting is premised on a lodestar computation which is questionable, I deemed it necessary to preserve all of my client's remedies.

Since the December 10 appearance, I have been working with my client and with plaintiff's counsel to effectuate a solution which is both mutually agreeable and which comports with 28 CFR Part 36, Appendix A, Section 4.8.2 and 4.8.4.

I have specifically attempted to obtain Mr. Shore's input on this matter. I spoke with him within the last week and while Mr. Shore is understandably concerned with the provisions of section 36.505 my client is concerned that any solution be at very minimal safe for members of the public.

To that end, I have been interviewing prospective expert witnesses. We have retained an expert and we have requested that the expert arrange to come to New York for an on site visit as soon as his schedule permits. Unfortunately our telephonic communications with the experts have not resulted in our being able to find a solution which is both feasible and statutorily compliant.

I will of course be filing an Answer within the time frames set forth in today's Order and will set forth a more detailed exposition. In the interim, I remain available to anybody that could provide guidance with respect to the resolution of the underlying matter.

                                              Respectfully submitted,
                                              /s Barry N. Frank, Esq.