UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TODD KREISLER,

                         Plaintiff,

        -v-

KAIS ABID, et al.,

                        Defendants.
------------------------------------------------------------X

12 Civ. 4052 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On January 17, 2013, Defendant Kais Abid moved for an extension of time to file a notice of appeal, Dkt. 47, as to the Court's Judgment of December 11, 2012, Dkt. 34. (N.B. The docket reflects that on January 15, 2013, Abid already filed a notice of appeal as to this Judgment. Dkt. 44.)

Plaintiff seeks an extension of time to file his notice of appeal under Federal Rule of Appellate Procedure 4(a)(5), under which a district court may extend the time to file a notice of appeal upon a showing of "excusable neglect" or "good cause," provided that the party so moves within 30 days after the expiration of the time in Rule 4(a)(1). "Rule 4(a)(5) gives the district court discretion to permit a party to file a late notice of appeal upon a showing of excusable neglect or good cause." *Conerly v. Int'l Bus. Mach. Corp.*, 64 F. App'x 312, 314 (2d Cir. 2003). "In determining whether the failure to file a timely notice of appeal is excusable, the district court's decision is 'an equitable one' and is to take into account 'all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, Abid has not made a showing of excusable neglect or good cause. His counsel avers that he has been suffering from pneumonia since December and that his office staff failed

1

to check Pacer. However, counsel for Abid attended the December 10, 2012 conference at which the Court imposed the default judgment, and thereby had timely notice of the judgment. The judgment was entered two days later, on December 12, 2012; therefore, Abid had until January 11, 2013, to file a notice of appeal. He could have done so immediately after the conference, when he was apparently healthy enough to appear in court.

This untimely notice of appeal is part of a larger pattern in this case: Abid has also failed to answer in a timely fashion, and has thus been the subject of three orders to show cause for default judgment. Dkt. 26, 29, 45–46.

Finally, denying his motion for an extension of time will not substantially prejudice Abid, because the judgment he seeks to appeal is a default judgment against a different defendant, Parker East 24th Apartments, LLC.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: January 22, 2013
       New York, New York