UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Todd **KREISLER**,

            Plaintiff,

      v.

Kais **ABID**,
*d/b/a PAPA JOHN'S;*
**PARKER EAST 24TH APARTMENTS LLC**,
*A New York Limited Liability Company;*
**305 EAST 24TH OWNERS CORP.**,
*A New York Corporation*

            Defendants.

12 civ. 4052 (PAE)

**DECLARATION OF BARRY N. FRANK, ESQ. AS TO WHY NO ANSWER HAS BEEN FILED WITH REGARD TO THE AMENDED COMPLAINT FILED BY PLAINTIFF TODD KREISLER**

---

SOUTHERN DISTRICT OF NEW YORK, ss. :

    BARRY N. FRANK, ESQ., hereby declares under penalty of perjury:

  1.  I am an attorney admitted to this court and represent Defendant Kais Abid in the above-captioned matter. I submit this Declaration pursuant to the Order of the Honorable Paul A. Engelmayer, U.S.D.J. in full explanation as to why no Answer has been filed to date in this matter.

  2.  I have been in practice since 1977 and have served in the capacity of an Administrative Law Judge in the State of New Jersey.

  3.  Based upon my experience both in private practice and on the bench, upon receipt of this case, many factors seemed to indicate that facts were not as they appeared to be. When I perceive such a situation, my policy is to proceed with extreme caution, which is what I did and what I have done.

4. Although there were delays caused by my prolonged and recurring illness, substantial due diligence has been implemented with regard to this case and a number of serious concerns have come to light.

5. One major issue or concern is that the Court has issued a Default Judgment against a Defendant that appears to have no interest whatsoever in the subject premises.

6. It strains credulity that none of the other parties involved in this matter well before I was retained saw fit to so advise the Court. Surely Mr. Shore and Mr. Ehrlich knew or should been aware of this problem well before this Order took place.

7. Simultaneous with filing this Declaration, I am filing an Omnibus Motion which explains in complete detail the difficulty of this case, confusing elements which require clarification, and reasons why an extension to file an Answer would be reasonable given these circumstances.

8. I will as requested by the Court explain these circumstances in this Declaration.

9. The Defendant, Kais Abid, was not named in the initial Complaint. An Amended Complaint was filed naming this Defendant on August 3, 2012.

10. I appeared on behalf of Kais Abid on December 10, 2012 and per the Court's Order filed a Notice of Appearance on that date.

11. Defendant Parker East did not appear on that date and a Default was entered against this Defendant.

12. Subsequent to the December 10, 2012 hearing date per my letter to the Court, I had a relapse of Pneumonia and was out of commission for a substantial period of time.  Nevertheless I have been doing due diligence with regard to the paperwork filed, reviewed my client's lease, and received on January 3, 2013 a letter from John W. Egan, Esq., attorney for defaulted Defendant Parker East 24th Apartments LLC.

13. The letter received from this attorney (which is attached as an exhibit to my omnibus motion), is a matter of great concern.  It appears that the defaulted Defendant Parker East 24th Apartments LLC is not a proper Defendant.  According to this letter "Parker East is the sponsor of the cooperative apartment and retains unsold shares in the cooperative. **It does not, however, have any interest in Parker 24, which is the landlord entity that Plaintiff should have named.  For purposes of this letter, we will use the term "Landlord" to refer to Parker 24, which has been incorrectly named by Plaintiff as Parker East."**  Emphasis Added.

14. Prior to my becoming involved in this matter I assumed the Court and other parties were familiar with the proper defendants and acted accordingly. Surely Mr. Shore and Mr. Ehrlich knew or should have known this was the case.

15. The lease itself indicates that there is no privity of contract or relationship between Defendant Abid and the current Defendants.

16. In the interest of brevity, I respectfully refer the Court to my Omnibus Motion.

17. Of course, if the Court wishes additional details outlining my concerns over and above those contained in the Omnibus Motion, I will comply with the Court's request.

Dated:  Fort Lee, New Jersey
        January 24, 2013

**Law Firm of Barry N. Frank & Associates PC**
*Attorneys for the Defendant, Kais Abid*

BY:_____/s/  Barry N. Frank, Esq.
        440 West Street, 3rd Floor
        Fort Lee, New Jersey   07024
        (201) 461-2500