UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

TODD KREISLER,

                Plaintiff,                Civil Action No.: 12 Civ. 4052 (PAE)
                                                ECF CASE

                        v.

KAIS ABID d/b/a PAPA JOHN'S,              **PLAINTIFF'S OPPOSITION TO**
PARKER EAST 24th APARTMENTS, LLC,      **DEFENDANT'S OMNIBUS MOTION,**
a New York limited liability company,            **AND RESPONSE TO KAIS ABID'S**
and 305 EAST 24TH OWNERS CORP.,            **OPPOSITION TO PLAINTIFF'S**
a New York corporation,                                    **REQUEST TO AMEND THE**
                                                      **COMPLAINT**

                Defendants.

--------------------------------------------------------X

      Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), by and through his undersigned counsel, hereby respectfully files this Response In Opposition to Defendant KAIS ABID d/b/a PAPA JOHN's omnibus motion [DE 54]. Plaintiff also responds to KAIS ABID's Response to Plaintiff Request to Amend the Complaint [DE 56].

**I.    FACTUAL AND PROCEDURAL HISTORY**

      On May 22, 2012, Plaintiff filed a Complaint [DE 1] against defendants PAPA JOHN'S USA, and 305 EAST 24th OWNERS CORP. alleging violations of the public accessibility requirements of the Americans with Disabilities Act, Title III, in addition to ancillary state and city claims.

      On June 26, 2012, defendant 305 EAST 24th OWNERS CORP. timely filed its answer to the Plaintiff's Complaint and cross-claim against PAPA JOHN'S USA, INC.

      On July 10, 2012, franchisor PAPA JOHN'S provided a document titled "Papa John's Loyalty Program Franchise Agreement" (hereinafter referred to as the "Franchise Agreement") in addition to a letter. The Franchise Agreement clearly indicates that the responsibility for

1

complying with all laws, ordinances, rules and regulations is on the Franchisee. The Franchise Agreement also states that the Franchisee at the Papa John's located at 432 2nd Avenue, New York, New York is defendant KAIS ABID. Accordingly, PLAINTIFF and defendants PAPA JOHN'S USA, INC. and 305 EAST 24TH OWNERS CORP. entered into a Stipulation of Dismissal With Prejudice, So Ordered on July 25, 2012 stating:

> Plaintiff Todd Kreisler and defendants Papa John's USA, Inc. and 305 East 24th Owners Corp. hereby stipulate and agree pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) that any and all claims and crossclaims filed herein by plaintiff and/or 305 East 24th Owners Corp. against Papa John's USA, Inc. should be and hereby are dismissed with prejudice. Each party shall bear his or its own costs and attorneys' fees with respect to the claims asserted against Papa John's USA, Inc.

Moreover, the letter from counsel for PAPA JOHN'S, USA, INC., dated July 10, 2012, stated that "Mr. Abid has counsel, and his counsel is Paul Steinberg, Esq…"

Accordingly, on August 3, 2012, after being granted leave to file and an Amended Complaint from this Honorable Court, Plaintiff filed an Amended Complaint [DE 18] on August 3, 2012, against KAIS ABID d/b/a PAPA JOHN'S, 305 EAST 24th APARTMENTS, LLC, and PARKER EAST 24TH APARTMENTS, LLC (hereinafter collectively referred to as "Defendants") alleging the same violations of the public accessibility requirements of the Americans with Disabilities Act contained in the original Complaint.

Prior to the Amended Complaint being filed, counsel for 305 EAST 24th APARTMENTS, LLC indicated there was a missing indispensable party, either PARKER 24 COMMERICIAL ASSOCIATES or PARKER EAST 24TH APARTMENTS, LLC. After informing counsel for 305 EAST 24th APARTMENTS, LLC that after a search PARKER 24 COMMERCIAL ASSOCIATES was not listed with NYS Department of Corporations, I was advised via email that PARKER EAST 24TH APARTMENTS, LLC was the proper

indispensable party.

On August 16, 2012, 305 EAST 24th APARTMENTS, LLC filed its Amended Answer [DE 19].  Paragraph 42 of the Amended Answer states that PARKER EAST 24TH APARTMENTS, LLC is the current commercial space tenant with 305 EAST 24th APARTMENTS, LLC as the landlord**.**

On August 21, 2012, defendant KAIS ABID and PARKER EAST 24TH APARTMENTS, LLC were served with Amended Complaint.  Defendant KAIS ABID's and PARKER EAST 24TH APARTMENTS, LLC's Answers were due on or before September 11, 2012.

On September 27, 2012, the Clerk entered Certificates of Defaults against KAIS ABID and PARKER EAST 24TH APARTMENTS, LLC. To date, neither KAIS ABID nor PARKER EAST 24TH APARTMENTS, LLC has filed an Answer.

On October 10, 2012, an Order to Show was signed by Judge Engelmayer directing KAIS ABID and PARKER EAST 24TH APARTMENTS, LLC to show cause why an order should not be issued pursuant to Rule 55 of the Federal Rules of Civil Procedure ordering an Entry of Final Default Judgment against the defaulting defendants.  The Show Cause hearing was scheduled for November 2, 2012; however the hearing was canceled due to Hurricane Sandy.

On November 7, 2012, an Order to Show was signed by Judge Engelmayer directing KAIS ABID and PARKER EAST 24TH APARTMENTS, LLC to show cause why an order should not be issued pursuant to Rule 55 of the Federal Rules of Civil Procedure ordering an Entry of Final Default Judgment against the defaulting defendants.   The Show Cause Hearing was scheduled for December 10, 2012.  Counsel for defendant KAIS ABID appeared and was Ordered to file a Notice of Appearance by the end of day and counsel for ABID complied and

filed its Notice of Appearance.  [DE 30 - DE 31].   The Court entered its Final Default Judgment in favor of the Plaintiff against PARKER EAST 24TH APARTMENTS, LLC on December 11, 2012 and its modified order on December 12, 2012.

On December 14, 2012, the Court issued an Order [DE 39] awarding $7,073.17 in attorney's fees to Plaintiff's counsel.  The aforementioned award directed Defendant PARKER EAST 24TH APARTMENTS, LLC to pay the amount within thirty days.

On January 15, 2013, counsel for defendant KAIS ABID filed a Notice of Interlocutory Appeal [DE 44] pertaining solely to the award of attorney's fees [DE 39] to be paid by defendant PARKER EAST 24TH APARTMENTS, LLC.

On January 17, 2013, approximately one hundred and twenty nine (129) days after defendant ABID's answer was due, and approximately thirty-two (32) days after counsel for defendant ABID filed its Notice of Appearance, the undersigned again requested that the Court issue an Order to Show Cause asking the why ta final default judgment should not be entered against defendant ABID for his failure to Answer or otherwise move with respect to the Complaint.

Also, on January 17, 2013, the Court issued an Order directing counsel for KAIS ABID d/b/a PAPA JOHN'S, Barry Frank, to Show Cause [DE 45] by attorney declaration why an Order should not be issued pursuant to Rule 55 of Federal Rules of Civil Procedure.  In addition, the Court Ordered that simultaneously with the filing of any such declaration, Abid is directed to file his response to the Amended Complaint by Answer or Motion.

On January 24, 2013, Barry Frank filed an Omnibus Motion [DE 54-2], and filed a Declaration as to why no Answer has been filed [DE 54-1].

On January 22, 2013, Barry Frank was denied permission by the District Court for an extension of time to file an untimely appeal.  Regardless of this directive, on February 12,

2013, Barry Frank file a Notice of Interlocutory Appeal [DE 57] pertaining to the injunctive relief and compensatory damages awarded to the Plaintiff on December 11, 2012 [DE 34].

## II.    MEMORANDUM OF LAW

The Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend... the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

Fed. R. Civ. P. 15 (a) states that leave to amend shall be freely given when justice so requires. <u>Wiggins v. Weicker, Jr.</u>, 1996 U.S. App. LEXIS 27828 (1996) ("Leave to file a second amended complaint should have been given.)

## III.   Argument

Paragraph 28 of Barry Frank's motion states:

> Although the franchisor was dismissed pursuant to a Stipulation providing that 'each party shall bear his or its own costs and attorneys' fees' plaintiff's counsel Adam Shore has applied for been granted a judgment by this Court which appears to be in violation of that Stipulation.

Barry Franks assertion that I applied for and was granted a judgment by this Court which appears to be a violation of Stipulation is just one of the many misstatements and accusations cast by Barry Frank not only at plaintiff's counsel, but at every attorney involved in this case, formally, or informally, with the exception of Paul Steinberg, Esq.

Even a cursory review of the Stipulation would have informed Barry Frank that I did not apply for a Judgment in violation of a Stipulation. As stated above, the Plaintiff and defendants PAPA JOHN'S USA, INC. and 305 EAST 24TH OWNERS CORP. entered into a Stipulation of Dismissal With Prejudice, So Ordered on July 25, 2012 stating:

> Plaintiff Todd Kreisler and defendants Papa John's USA, Inc. and 305 East 24th Owners Corp. hereby stipulate and agree pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) that any and all claims and crossclaims filed herein by plaintiff

        and/or 305 East 24th Owners Corp. against Papa John's USA, Inc. should be and hereby are dismissed with prejudice. Each party shall bear his or its own costs and attorneys' fees with respect to the claims asserted against Papa John's USA, Inc.

    Accordingly, the Stipulation clearly applies to PAPA JOHN'S USA, INC., only, and therefore I did not apply for a Judgment in violation of a Stipulation.

    After dismissing Papa John's USA, INC. from this action I was advised by counsel for Papa John's USA, Inc. that Kais Abid was doing business as the restaurant commonly referred to as PAPA JOHN'S located at 432 Second Avenue, New York, New York (hereinafter referred to as "PAPA JOHN'S"). The Franchise Agreement confirmed this and Kais Abid was named in the first Amended Complaint. In addition, I was informed in a discovery response by Barry Frank that Kais Abid is the lessee and operator of Papa John's.

    Liability is imposed upon "any person who owns, leases (or leases to), or operates a place of public accommodation" that discriminates against an individual on the basis of disability.

    Accordingly, Kais Abid, is a proper party. The undersigned did not find out that Kam Four, Inc. needed to be joined as an additional party until Barry Frank filed his Omnibus Motion. Kais Abid appears to be a principal of Kam Four, Inc. The undersigned then promptly requested permission from this Court to file a second Amended Complaint.

    Barry Frank strolled in 38 minutes late to the Second Order to Show Cause Hearing and Judge Engelmayer did not enter a default judgment against his client. One would think that an attorney would appreciate of a Judge not entering a final default judgment against his client after such tardiness. Barry Frank apologized stating he was sick and stuck in in traffic and fog.

    Not only was Barry Frank 38 minutes late to the second scheduled Order to Show

6

Cause hearing, he appeared at a Show Cause hearing as to why his client should not have a final default entered against him approximately one hundred and twenty nine (129) days after defendant ABID's answer was due.

Abid clearly was aware he was named in this action, as he was properly served with the Complaint. In addition, I talked to his attorney Paul Steinberg, Esq. on September 13, 2012. Mr. Steinberg stated he was Abid's attorney and that he (Steinberg) was not a litigator. However, Steinberg should have known that an Answer was due, and Steinberg should have known that Kam Four, Inc. was a party to this action.

Barry Frank submits in his Motion that there is nothing in the record to indicate that Abid was in any manner responsible for the hurricane, the flooding, the utilitiy outages, or the Courthouse being closed. Barry Frank than states "it is not entirely fair to blame a litigant for a court closing due to a hurricane." Barry Frank was referring to the Show Cause Hearing scheduled for November 2, 2012. This is one example of many of irrelevant comments contained in Barry Frank's motion. Barry Frank stated on the record he was not retained until one week prior to the December 10, 2012 Show Cause hearing.

Barry Frank states in his motion that "As this Court is aware, abuse of the ADA by members of plaintiffs' bar is a significant concern in other quarters of the legal community." Barry Frank continues and unjustifiably states "Adam Shore has made a mockery of the judicial system, both in the instant case and in prior cases in federal court." Barry Frank's comment is offensive, incorrect, unfounded and a blatant rebuke of the disability rights laws of this nation, city and state.

The Americans Disabilities Act, the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., the Administrative Code of the City of New York § 8-107 et. seq., and the New York State Executive Law § 296 et. seq., specifically allows private litigants to file suit.

Nevertheless, Barry Frank states that Mr. Kreisler has found a congressionally sanctioned means of support which has been lucrative for both himself and Mr. Shore. It appears that Barry Frank harbors a grudge against those with mobility impairments and the attorneys who represent them. Barry Frank also appears to have a problem with a law enacted by Congress in 1992.

Mr. Kreisler has filed over twenty cases since 2009, however, twenty cases in that time frame is nowhere near what the Courts have considered a vexatious litigant. If Barry Frank wants to allege the Plaintiff is vexatious litigant or that the modifications referenced are not technically feasible, he should allege so in his Answer.

Finally, Plaintiff respectfully requests permission to file a second Amended Complaint for the sole purposes of naming Kais Abid, individually, and adding additional defendants Kam Four, Inc. and Parker Commercial 24th Associates, a limited partnership.

The first reason for adding the additional defendants are attached hereto in Exhibit "A" whereby counsel for 305 East 24th Apartments, LLC stated that either PARKER EAST 24TH APARTMENTS, LLC or PARKER 24th COMMERCIAL ASSOCIATES is the sub-lessor in its discovery response.

The second reason is a letter from John Egan (Exhibit "B"), dated January 2, 2013, referenced in Barry Frank's motion whereby counsel for PARKER 24th COMMERCIAL ASSOCIATES, seeks indemnification for PARKER EAST 24TH APARTMENTS, LLC, default, prompting Barry Frank to file two interlocutory appeals.

IV.  **Conclusion**

The Plaintiff therefore respectfully requests (1) the defendant's Omnibus Motion be Denied in Its Entirety, the Plaintiff be granted leave to file a second Amended Complaint and (3) any further relief as this Court deems just and proper.

Dated: February 14, 2013
      New York, New York

                Respectfully submitted,

                */s/ Adam T. Shore*
                Adam T. Shore, Esq.
                Law Offices of Adam Shore, PLLC
                Attorney for Plaintiff
                100 Park Avenue, Suite 1600
                New York, New York 10017
                Telephone:   (646) 476-4296
                Facsimile:    (646) 390-7422
                Email:         atsesq@gmail.com

CERTIFICATE OF SERVICE

  The undersigned, Adam T. Shore, Esq., hereby certifies that a true and correct a copy of the foregoing was served electronically via the CM/ECF system upon: Gary S. Ehrlich, Esq., Cantor, Epstein & Mazzola, LLP, Attorneys for 305 East 24th Street Owners Corp., 49 West 27th Street, 7th Floor, New York, New York, and Brank Frank, Esq., The Law Firm of Barry N. Frank & Asssociates, PC, attorney for Kais Abid, d/b/a Papa John's, 440 West 34th Street, Suite 301, Fort Lee, NJ 07024, this 14th day of February 2013.

            Respectfully submitted,

            */s/ Adam T. Shore*
            Adam T. Shore, Esq.
            Law Offices of Adam Shore, PLLC
            Attorney for Plaintiff
            100 Park Avenue, Suite 1600
            New York, New York 10017
            Telephone: (646) 476-4296
            Facsimile: (646) 390-7422
            Email:  atsesq@gmail.com