**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

Todd **KREISLER,**

|  |  |
|---|---|
| Plaintiff, | **12 civ. 4052 (PAE)** |
| v. | |
| Kais **ABID,**<br>*d/b/a PAPA JOHN'S;*<br>**PARKER EAST 24TH APARTMENTS LLC**,<br>*A New York Limited Liability Company;*<br>**305  EAST 24TH OWNERS CORP.**,<br>*A New York Corporation*<br>Defendants. | **NOTICE OF MOTION** |

TO:   Adam Shore, Esq.
        Atty for Plaintiff
        100 Park Avenue STE 1600
        New York NY 10007-5538

        Gary Ehrlich, Esq.
        Atty for Defendant 305 E 24 Owners Corp
        49 West 37 Street  FL 7
        New York NY 10018-0182

Served via ECF filing

PLEASE TAKE NOTICE that upon the attached Attorney Declaration of Barry N. Frank, Esq. and the attached Motion, Defendant will move this Court, Hon. Paul A. Engelmayer, U.S.D.J. in Room_____United States Courthouse, 500 Pearl Street, New York, New York  1007-1312 on the_____day of March, 2013 at_____or as soon thereafter  as counsel can be heard, for clarification of the Order of February 25, 2013, as set forth in the attached Motion,and all further relief deemed appropriate by the Court.

Dated:  Fort Lee, New Jersey
          February 27, 2013

                                    **Law Firm of Barry N. Frank & Associates PC**
                                    *Attorneys for the Defendant, Kais Abid*

                                    BY:_____/s/  Barry N. Frank, Esq.
                                     440 West Street, 3rd Floor
                                     Fort Lee, New Jersey   07024-5028
                                    (201) 461-2500

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Todd KREISLER,

|                                                    |                          |
| -------------------------------------------------- | ------------------------ |
| Plaintiff,                                         | 12 civ. 4052 (PAE)       |
| v.                                                 |                          |
| Kais ABID,                                         |                          |
| *d/b/a PAPA JOHN'S;*                               |                          |
| PARKER EAST 24TH APARTMENTS LLC,                   |                          |
| *A New York Limited Liability Company;*            |                          |
| 305  EAST 24TH OWNERS CORP.,                       |                          |
| *A New York Corporation*                           |                          |
|                                                    |                          |
| Defendants.                                        |                          |

## DEFENDANT ABID'S MOTION FOR CLARIFICATION OF

## THE COURT'S ORDER OF FEBRUARY 25, 2013

1. On February 25, 2013 this Court issued an Order (Dkt. 60).

2. Defendant Kais ABID, by his attorney Barry Frank Esq., now seeks clarification of that Order.

3. The Order did not in any manner vacate, stay, or modify the award of legal fees to Plaintiff's counsel nor the award of damages to Plaintiff.

4. The defaulting party has subsequently made payment of damages to Plaintiff in accord with the Order (Dkt. 36) and therefore presumably is admitting liability also for payment due pursuant to the attorney fee Order (Dkt. 39).

5. The Feb. 25 Order (Dkt. 60, hereafter the "Order") declines to determine the relationship between defendant **PARKER EAST** and non-party **PARKER 24** because "Abid failed to supply any factual basis on which the Court" could act.

6. With apologies to the Court for the lack of clarity in the original Motion, the basis is not factual but rather is a <u>legal</u> basis, and such is within the province of the Court and not the parties.

7. As this Court is aware, the seminal case on award of attorney fees in ADA actions is *Buckhannon Board and Care Home Inc v West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

8. In *Buckhannon*, the Court rejected the "catalyst theory" of fee-shifting and held that in order to award attorney fees under the fee-shifting provisions of the ADA, there must either be "enforceable judgments on the merits" or "court-ordered consent decrees," *Id*. at 604.

9. The Court also noted that an interlocutory award should be awarded "only to a party who has established his entitlement to some relief on the merits of his claims, either in the *trial court* or *on appeal*" [*Id*. citing *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980) emphasis added in *Buckhannon* opinion].

10. Respectfully, we submit that several questions arise as a result of the Order.

11. Since the equitable relief sought by Plaintiff's counsel and approved by the court is not a court-ordered consent decree, the basis for counsel fees must be the issuance of an enforceable judgment on the merits.

12. Although the equitable relief order is stayed, the attorney fee award remains. Assuming arguendo that the Order for equitable relief constitutes a <u>judgment on the merits</u>, that does not mean that it is an <u>enforceable judgment</u>.

13. The defaulting party has stated that it is merely the holder of shares in defendant **305 EAST 24TH OWNERS CORP**, and so it is not readily apparent that there is an enforceable judgment.

14. Plaintiff has been granted leave to file a Second Amended Complaint.

15. The purpose is to name additional parties, including **PARKER 24**.

16. Presumably **PARKER 24** will be named because it (and **_not_ PARKER EAST**) is the holder of the proprietary lease.

17. However, the Plaintiff has already collected $1000 pursuant to the default judgment Order (Dkt 36).

18. Neither Plaintiff nor the defaulting party has moved this court with regard to the default judgments, although the defaulting party has appeared at settlement conferences and communicated on conference calls with the appearing Defendants.

19. Since under *Buckhannon* the judgment for attorney fees to Adam Shore is derivative of the "enforceable judgment on the merits," the non-disturbance of the pecuniary judgment portion of the Dkt. 36 Order  and the entirety of the attorney fee Order (Dkt. 39) means that either

    a. **PARKER EAST** can enforce the judgment by virtue of it being a shareholder in a corporation or that

    b. **PARKER EAST** can enforce the judgment as a result of it being the holder of the proprietary lease.

20. Since the basis for an amendment naming **PARKER 24** is that **PARKER EAST** is not the proprietary leaseholder, by process of elimination **PARKER 24** must have some special status as the shareholder of a corporation, it being "hornbook law" that shareholders do not have liability for corporate violations of federal law, *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998).

21. In general, a shareholder would not have liability for ADA violations, *EEOC v. AIC Security Investigations Ltd*, 55 F.3d 1276 (7 Cir. 1995).

22. If this is in fact what the February 25 Order means, the finding of such status would have broad ramifications.

23. Since it is not clear what the ramifications in this case would be, we respectfully ask for clarification.

24. A separate matter is the possible mootness of this case, *Sandi Rush v. Islands Restaurants LP*, 2012 WL 4849016 at *3-4 (S.D. CA 2012).

25. If the February 25 Order does mean that there remains extant an "enforceable judgment on the merits" and if that judgment is for the equitable relief which Plaintiff specifically demanded *(albeit relief which is not in accord with applicable provisions of the CFR and which is impossible to achieve without destruction of the business of one of the appearing defendants)*, then the trial court case is concluded.

26. The appellate court has raised the matter of the interlocutory appeals filed by Abid and noted that these are matters best left for disposition after final judgment at the trial court level.

27. But based on the February 25 Order, the trial court judgments against a defaulting party would appear to be dispositive of the ***entire case*** as a matter of law.

28. If that is an accurate analysis, then the December 2012 default judgments are de facto final judgments.

29. While it would be odd to have a default against a non-appearing party be dispositive of a case involving parties who did appear before the Court, that is the result in this instance.

30. Given the preference for resolution of disputes on the merits, it would seem preferable to resolve the instant dispute on the merits.

31. While some courts have granted attorney fees on ADA title III default motions, there is normally a court determination that

    a. there is an ADA violation and

    b. the removal of barriers is "readily achievable", *Moreno v. La Curacao*, 463 Fed.Appx. 669 (9 Cir. 2011, not for publication).

32. In *Moreno*, the Court of Appeals found that the plaintiff had met the two prongs, and therefore was entitled to injunctive relief and further held that an attorney fee award of $600 was appropriate under the default fee schedule.

33. In the instant case, the record does not support that the Court has addressed the 2 prongs, but the Court did make a fee award of $7,073.17 based on a one-third allocation of $21,219.50.

For these reasons, we respectfully seek such clarification as this Court deems proper. And in

addition, any and all other relief that the Court shall deem appropriate under the circumstances.


Fort Lee, New Jersey, February 27, 2013

**Law Firm of Barry N. Frank & Associates PC**
*Attorneys for the Defendant, Kais Abid*
BY: _____/s/ Barry N. Frank, Esq.
           440 West Street, 3rd Floor
           Fort Lee, New Jersey  07024
           201-461-2500