UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TODD KREISLER,

                         Plaintiff,

      -v-

KAIS ABID, PARKER EAST 24TH APARTMENTS,
LLC, and 305 EAST 24TH OWNERS CORP.

                         Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/13

12 Civ. 4052 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    The Court has received defendant Abid's motion for clarification, dated February 27, 2013. Dkt. 61.

    Counsel for Abid, Mr. Frank, has asked the Court several times to reconsider or vacate its award of default judgment against co-defendant Parker East 24th Apartments, LLC ("Parker East"). Abid has also appealed that judgment. Abid, however, has offered no legal basis for his right to appeal a default judgment against a different party. Parker East has not appeared in the case to challenge its own default; Abid's counsel sat mute when the Court announced its intention to impose a default judgment on Parker East; and Abid's previous motion admits that "Parker East is a stranger to Abid." Dkt. 54, ¶ 22 (emphasis omitted).

    Accordingly, Abid is directed forthwith to provide the Court with on-point legal authority for the proposition that Abid has standing to challenge the award of damages or attorneys' fees against a co-defendant.

    As to clarification of the Court's February 25, 2013 Order, it does not have the "broad ramifications" that Abid suggests. "It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Vt. Teddy Bear Co.*

1

*v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)). By defaulting, Parker East admitted the allegations *against itself* in Kreisler's Amended Complaint. Importantly, the Amended Complaint alleges that "PARKER EAST 24th APARTMENTS, LLC, a New York limited liability company is the lessee and sub-lessor of the real property where the Subject Facility is located which is the subject of this action, the business commonly referred to as PAPA JOHN'S located at 432 Second Avenue, New York, New York (hereinafter the "Subject Facility") which also maintains and controls the subject real property." Am. Compl. ¶ 4. Because Parker East has admitted its proprietary interest in the premises at issue in this case by defaulting, and Kreisler has plausibly alleged a violation of the Americans with Disabilities Act, the Court's entry of default judgment was proper. In an effort to protect Abid's interests in the premises, the Court has already stayed the injunctive relief portion of the default judgment.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: February 28, 2013
      New York, New York