UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
TODD KREISLER,

        Plaintiff,

  -against-

KAIS ABID, d/b/a PAPA JOHN'S, KAM FOUR, INC., a New York corporation, d/b/a/ PAPA JOHN'S, PARKER EAST 24th APARTMENTS, LLC, a New York limited liability company, PARKER COMMERCIAL 24th ASSOCIATES, a New York limited partnership, and 305 EAST 24th OWNERS CORP., a New York corporation,

        Defendants.
------------------------------------------------------- X

**Civil Action No.: 12 CIV.4052 (PAE)**

**DECLARATION OF
<u>JOHN W. EGAN, ESQ.</u>**

      John W. Egan, Esq., an attorney duty admitted to practice law in the State of New York and the United States District Court for the Southern District of New York, under penalty of perjury, hereby declares:

      1.    I am associated with the law firm Seyfarth Shaw LLP ("Seyfarth Shaw"), attorneys for Defendants Parker East 24th Apartments, LLC ("Parker East") and Parker 24 Commercial Associates, L.P. ("Parker 24") (incorrectly identified in the caption as "Parker Commercial 24th Associates") in this matter. I respectfully submit this Declaration in support of the Parker East's motion to vacate the default judgment against it under Fed. R. Civ. P. 60(b)(1), and to strike protected settlement discussions from the record under F.R.E. 408.

2. On December 11, 2012, the Court issued a default judgment against Parker East awarding Plaintiff injunctive relief and a compensatory damage award in the amount of $1,000. A true and correct copy of this Order dated December 11, 2012 is annexed hereto as **Exhibit "1."**

3. On December 14, 2012, the Court issued a related Order and Judgment against Parker East for a portion of Plaintiff's claimed attorneys' fees in the amount of $7,073.17. A true and correct copy of this Order and Judgment dated December 14, 2012 is annexed hereto as **Exhibit "2."**

4. The engagement of Seyfarth Shaw as counsel for Parker East in this action was finalized on December 18, 2012. Parker East was terminated as a party before Seyfarth Shaw was retained in this matter.

5. On January 2, 2013, I corresponded with Barry N. Frank, Esq., counsel for Defendant Abid Kais. In this letter, I requested that Mr. Abid satisfy the default judgments issued against Parker East by the Court, including the attorneys' fees and compensatory damages awards. I also requested that Mr. Abid make the retrofits ordered by the Court in its Order of December 11, 2012. A true and correct copy of my letter to Mr. Frank dated January 2, 2013 is annexed hereto as **Exhibit "3."** I did not, and have not to date, received any written response to this correspondence from Mr. Frank.

6. Rather than file an immediate motion to vacate the default judgment issued against Parker East, Parker East made efforts to engage in settlement discussions with the parties' counsel of record between December 2012 and February 2013.

7. I contacted Magistrate Judge Francis' Chambers and obtained the Court's permission to appear at settlement conferences on February 13, 2012 and February 20, 2012. I appeared on behalf of Parker East at these settlement conferences with Ms. Cynthia Wong. These sessions did not result in a settlement.

8. Defendant Kais Abid has filed numerous submissions and appeals since January of 2013 relating to the default judgment issued against Parker East. At no time did I ever request or demand that these submissions and appeals be filed, and at no time did I ever provide any input or collaborate with counsel for Defendant Abid with respect to these submissions and appeals.

9. Aside from confidential settlement discussions, the only requests made by Parker East to Defendant Abid are fully set forth in my correspondence dated January 2, 2013. *See* **Exh. "3."**

10. I understand based on my communications with counsel for the Defendants that Plaintiff has not conducted any discovery in this matter.

Dated: March 13, 2013
New York, New York

/s/ John W. Egan
John W. Egan