# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue

New York, New York 10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-5291

Writer's e-mail
jegan@seyfarth.com

January 2, 2013

**VIA FEDERAL EXPRESS**
**AND E-MAIL**

Barry N. Frank, Esq.
The Law Firm of Barry N. Frank & Associates
440 West Street -- 3rd Floor
Fort Lee, New Jersey 07024
bnfrankesq@gmail.com

> Re:   *Kreisler v. Abid et al.*
>        **Civil Action No.: 12-cv-4052 (PAE)**

Dear Mr. Frank:

This office represents Parker 24 Commercial Associates ("Parker 24") and Parker East 24th Apartments, LLC ("Parker East"). As we explain below, we write to request that your client, Mr. Kais Abid, defend and indemnify Parker East in the above-referenced action.

Plaintiff Todd Kreisler commenced the action styled, *Kreisler v. Papa John's USA, Inc. et al.* in the United States District Court for the Southern District of New York on or about May 22, 2012. Plaintiff filed an amended complaint on or about August 3, 2012, which incorrectly named Parker East as the defendant landlord of the space housing the Papa John's retail store located at 432 Second Avenue, New York, New York (the "Premises"). Plaintiff asserted claims for relief against Parker East under the Americans with Disabilities Act (42 U.S.C. § 12181 et *seq.*), New York City Administrative Code (NYC Admin. Code § 8-107(4)(a)), and the New York State Human Rights Law (NYS Exec. Law § 296(2)(a)).

Parker East is the sponsor of the cooperative apartment and retains unsold shares in the cooperative. It does not, however, have any interest in Parker 24, which is the landlord entity that Plaintiff should have named. For purposes of this letter, we will use the term "Landlord" to refer to Parker 24, which has been incorrectly named by Plaintiff as Parker East.

As you are aware, Mr. Abid is a Papa John's franchisee and operates the retail store located at the Premises. Further, Mr. Abid occupies the Premises pursuant to a ten (10) year lease with

LONDON   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK



SEYFARTH SHAW LLP
ATTORNEYS

January 2, 2013
Barry N. Frank, Esq.
Page 2

Landlord, which was executed on February 16, 2007 with an Addendum (the "Lease"). A copy of the Lease is attached hereto as **Exhibit "A."**

The Lease requires that Mr. Abid comply with all laws, rules, and regulations with respect to his occupancy of the Premises, including but not limited to the ADA, New York City Administrative Code ("NYCHRL"), and New York State Executive Law ("NYSHRL"). Further, the lease requires that Mr. Abid is obligated to defend and indemnify Parker 24 with respect to each of the claims asserted by Plaintiff in this action.

The relevant portions of the lease are as follows:

### *Requirements of Law, Fire Insurance:*

6. *Prior to the commencement of the lease terms, if Tenant is then in possession, and at all times thereafter, Tenant, at Tenant's sole cost and expense, shall promptly comply with all present and future laws, orders and regulations of all state, federal, municipal and local governance . . . . Tenant shall not do or permit any act or thing to be done in or to the demised premises which is contrary to law . . . . Tenant shall pay all costs, expenses, fines, penalties or damages, which may be imposed upon Owner by reason of Tenant's failure to comply with the provisions of this article. . . .*

### *Tenant's Liability Insurance Property Loss, Damage, Indemnity:*

8. *. . . . Tenant shall indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Owner shall not be reimbursed by insurance, including reasonable attorney's fees, paid, suffered or incurred as a result of any breach by Tenant, Tenant's agent, contractors, employees, invitees or licenesees, or any covenant on condition of this lease, or the carelessness, negligence or inproper conduct of the Tenant, Tenant's agents, contractors, employees, invitees or licensees. Tenant's liability under this lease extends to the act and omissions of any subtenant, and any agent, contractor, employee, invitee or licensee of any subtenant. In case any action or proceeding is brought against Owner by reason of any such claim, Tenant, upon written notice from Owner, will, at Tenant's expense resist or defend such action or proceeding by counsel approved by Owner in writing, such approval nor to be unreasonably withheld. (See Article 44)*

### *Fees and Expenses:*

19. *. . . . Owner may immediately or at any time thereafter and without notice perform the obligation of Tenant thereunder, and if Owner, in connection therewith or in connection with any default by Tenant in the covenant to pay rent hereunder, makes any expenditures or incurs any obligations for the payment of money, including but not limited to reasonable attorney's fees, in instituting, prosecuting or defending an actions or proceeding and prevails in any such action or proceeding, such sums so paid or obligations incurred with interest and costs shall be deemed to be additional rent hereunder and shall be paid by Tenant to Owner within ten (10) days of rendition of any bill or statement to Tenant thereof,*



January 2, 2013
Barry N. Frank, Esq.
Page 3

*and if Tenant's lease term shall have expired at the time of making of such expenditures or incurring of such obligations, such sums shall be recoverable by Owner as damages.*

### RIDER TO STANDARD FORM OF STORE LEASE

\*   \*   \*

#### 41.   USE AND OCCUPANCY

\*   \*   \*

*41.04 Tenant, at Tenant's expense, shall comply with all laws, rules, orders, ordinances, directions, regulations and requirements of federal, state, county and municipal authorities, now in force or which may hereafter be in force, which shall impose any duty upon Landlord or Tenant with respect to the use, occupation or alteration of the Demised Premises.*

#### 44.   INDEMNITY-LIABILITY INSURANCE

\*   \*   \*

*(f)   Indemnification/Hold Harmless Tenant shall, to the fullest extent permitted by law and at its own cost and expense, defend, indemnify and hold Landlord its partners, directors, officers, employees, servants, representatives and agents harmless from and against any and all claims, loss, (including attorneys' fees, witnesses' fees and all court costs), damages, expense and liability (including statutory liability), resulting from injury and/or death of any person or damage to or loss of any property arising out of any negligent or wrongful act, error or omission or breach of contract, in connection with the operations of Tenant except to the extent caused by the gross negligence or willful misconduct of Landlord or its employees, agents or contractors. The foregoing indemnity shall include injury or death of any employee of Tenant and shall not be limited in any way by an amount or type of damages, compensation or benefits payable under any applicable Workers Compensation, Disability Benefits or other similar employee benefits acts.*

#### 82.   NON-LIABILITY AND INDEMNIFICATION

\*   \*   \*

*82.02 Tenant shall indemnify and save harmless Landlord and its agents against and from (a) any and all claims (i) arising from (x) the conduct or management of the Demised Premises or of any business therein, or (y) any work or thing whatsoever done, or any condition created (other than by Landlord for Landlord's or Tenant's account) in or about the Demised Premises during the term of this Lease or during the period of time, if any, prior to the Commencement Date that Tenant may have been given access to the Demised Premises, or (ii) arising from any negligent or otherwise wrongful act or omission of Tenant or any of its subtenants or licensees or its or their employees, agents or contractors, and (b) all costs, expenses and liabilities incurred in or in connection with each such claim or action or proceeding brought thereon. In case any action or proceeding be brought against Landlord by reason of any such clam, Tenant, upon notice from Landlord, shall resist and defend such action or proceeding.*

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK 



January 2, 2013
Barry N. Frank, Esq.
Page 4

    Accordingly, with respect to the allegations of the complaint arising from Mr. Abid's actions, Landlord demands that Mr. Abid indemnify it for all costs arising hereunder and that he also provide for its defense in connection with those allegations.

    We understand that on several occasions Mr. Abid, or his attorney or representative, represented to Landlord and co-defendant 304 East 24th Owners Corp. that he would defend and indemnify Landlord in this action. Landlord relied on these representation(s) and did not retain counsel to appear on its behalf in this action.

    As a result of Mr. Abid's complete failure to defend Landlord, on December 11, 2012, the Court issued a Final Default Judgment against Landlord ordering the payment of $1,000 in compensatory damages, as well as directing Landlord to remove a number of barriers on the Premises. A copy of this Final Default Judgment is attached hereto as **Exhibit "B."** On December 14, 2012, the Court issued an Order and Judgment finding that Plaintiff's counsel expended $21,219.50 in fees, and directing Landlord to pay $7,073.17, representing a one-third share of this sum. A copy of this Order and Judgment is attached hereto as **Exhibit "C."**

    Pursuant to the Lease and the above-referenced provisions contained therein, Landlord requests that Mr. Abid pay the $1,000 in compensatory damages and $7,073.17 in attorneys' fees ordered by the Court, and also remove the barriers identified in the Order and Judgment at its his expense in the time frame set forth therein. If Mr. Abid does not believe that he can meet these deadlines for remediation, he must request relief from the Court.

    Due to the short timeframe for compliance ordered by the Court, please confirm in writing **on or before Monday, January 7, 2013** that Mr. Abid will provide pay the damages, fees, and costs set forth in the order on the Landlord's behalf and make the ordered retrofits as required by the Order and Judgment.

    Please do not hesitate to contact us should you have any questions or concerns.

Very truly yours,

SEYFARTH SHAW LLP

John W. Egan

JWE

Enclosure

cc:    Gary S. Ehrlich, Esq. (e-mail)
        Minh Vu, Esq. (e-mail)

15146030v.1    THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK