UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

TODD KREISLER,

        Plaintiff,

   -against-

KAIS ABID, d/b/a PAPA JOHN'S, KAM FOUR, INC., a New York corporation, d/b/a/ PAPA JOHN'S, PARKER EAST 24th APARTMENTS, LLC, a New York limited liability company, PARKER COMMERCIAL 24th ASSOCIATES, a New York limited partnership, and 305 EAST 24th OWNERS CORP., a New York corporation,

        Defendants.

------------------------------------------------- X

**Civil Action No.: 12 CIV.4052 (PAE)**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
VACATE UNDER FED. R. 60(b) AND TO STRIKE CONFIDENTIAL
<u>SETTLEMENT DISCUSSIONS FILED BY DEFENDANT KAIS ABID</u>**

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................... 1

II. FACTS ........................................................................................................................... 4

III. THE COURT SHOULD VACATE THE DEFAULT JUDGMENT
AGAINST PARKER EAST ........................................................................................... 4

    A. Parker East Relied on Representations by Defendant Abid's
Attorney in Not Retaining Counsel to Defend this Action and Thus
Did Not Willfully Default ................................................................................. 6

        1. After Receiving a Copy of the Amended Complaint, Ms.
Wong Immediately Requested Defense and Indemnification
from the Tenant, Defendant Kais Abid. ............................................. 7

        2. Defendant Abid's Attorney Shared his Case Assessment and
Legal Strategy with Ms. Wong ........................................................... 8

        3. Defendant Abid's Attorney Represented to Ms. Wong that
Defendant Abid Would Defend and Indemnify Parker East .............. 8

        4. Based on these Facts, Parker East's Default was Not Willful ........... 9

    B. Parker East has a Complete and Meritorious Defense to this Action
because it is Not the Owner, Lessor, Lessee, or Operator of the
Premises .......................................................................................................... 10

    C. Plaintiff Would Not be Prejudiced by a Vacatur ........................................ 12

    D. The Court Should Vacate the Default Judgment Against Parker East
to Avoid an Inequitable and Unfair Result ................................................... 13

IV. THE COURT SHOULD STRIKE THE PROTECTED SETTLEMENT
DISCUSSION DISCLOSED IN THE REPLY MEMORANDUM OF
DEFENDANT KAIS ABID ........................................................................................ 13

CONCLUSION ................................................................................................................. 14

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*,
   92 F.3d 57 (2d Cir. 1996) ................................................................................... 5, 6, 10

*Blau v. Tom Kestler Design Build, Inc.*,
   No. 01 Civ. 3689 (RO), 2002 U.S. Dist. LEXIS 398 (S.D.N.Y. Jan 14, 2002) .............
   .................................................................................................................... 10, 11, 12

*Costello v. Hai Sun Chinese Restaurant NY, Inc.*,
   No. 11 CV 0280 (KAM), 2012 U.S. Dist. LEXIS 38660 (E.D.N.Y. Feb. 27,
   2012) ............................................................................................................... 5, 12

*Davis v. Musler*,
   713 F.2d 907 (2d Cir. 1983) ................................................................................ 5

*Enron Oil Corp. v. Diakuhara*,
   10 F.3d 90 (2d Cir. 1993) ................................................................................. 4, 5, 11, 13

*Foster v. WNYC-TV*,
   No. 88 Civ. 4584 (JFK), 1989 U.S. Dist. LEXIS 13724 (S.D.N.Y. Nov. 20,
   1989) ................................................................................................................ 14

*Nationwide Mut. Fire Ins. Co. v. Rankin*,
   199 F.R.D. 498 (W.D.N.Y. 2001) ...................................................................... 9

*Pecarsky v. Galaxiworld.com Ltd.*,
   249 F.3d 167 (2d Cir. 2001) .............................................................................. 4, 5, 11, 12, 13

*Sears Petroleum & Transport Corp. v. Burgess Constr. Svcs., Inc.*,
   No. 95-CV-0892, 1997 U.S. Dist. LEXIS 13890 (S.D.N.Y. Sept. 11, 1997) ......... 6, 10

**STATUTES**

42 U.S.C. § 12812(a) ................................................................................................ 11

NYS Exec. L. § 296(a) ............................................................................................. 11

NYC Admin. Code § 8-107(4)(a) ............................................................................. 11

**OTHER AUTHORITIES**

F.R.E. 408 ................................................................................................................. 15, 14

Fed. R. Civ. P. 60(b) ................................................................................................. *passim*

I.       **PRELIMINARY STATEMENT**

Defendant Parker East 24th Apartments, LLC ("Parker East") moves this Court for an order, under Rule 60(b)(1) of the Federal Rules of Civil Procedure, vacating the default judgment issued against Parker East.  In considering motions to vacate under Rule 60(b)(1), courts must evaluate the following factors: (1) whether the defaulted party acted "willfully," (2) whether the defaulted party can allege a "meritorious defense," and (3) if the plaintiff would be prejudiced by the relief requested.  Courts should also evaluate additional equitable factors such as, for example, whether denial of the motion would lead to a harsh or unfair result.  All these factors weigh heavily in favor of vacating the default judgment against Parker East.

Parker East did not willfully fail to respond to the complaint.  The legal affairs manager for Parker East, Ms. Cynthia Wong, immediately contacted the tenant of the premises, Defendant Kais Abid, after receiving a copy of the complaint in September of 2012.  Ms. Wong was subsequently advised by Defendant Abid's attorney, Mr. Paul Steinberg, that Defendant Abid would defend and indemnify Parker East in this action.  Mr. Steinberg directed Ms. Wong to send any appropriate paperwork to Defendant Abid's litigation counsel regarding this representation.  In addition, Mr. Steinberg sent an e-mail *both* to his client and Ms. Wong that discussed the merits of Plaintiff's claims for injunctive relief and a legal strategy for responding.  All of these statements and conduct by Mr. Steinberg led Ms. Wong to believe that Defendant Abid would defend and indemnify Parker East.

On December 10, 2012, the Court held a default judgment hearing to address defaults entered against both Defendant Abid and Parker East. Counsel for Defendant Abid appeared at the hearing but did not enter an appearance for Parker East. Although apparently Defendant Abid's counsel decided not to enter an appearance on behalf of Parker East, inexplicably, this decision was not communicated to Ms. Wong at any point leading up the December 10, 2012 hearing. This decision was directly contrary to representations made by Mr. Steinberg to Ms. Wong, upon which she reasonably and in good faith relied.

Thus, the default judgment was clearly *not* the result of willful conduct by Parker East. As the Second Circuit has made clear, simple negligence or carelessness is insufficient to show a willful default. Some evidence of bad faith is required, which is utterly absent here.

Parker East can also establish a "meritorious defense" sufficient to justify a vacatur. Parker East is not a proper party to this lawsuit. At the time when the default judgment was entered, Plaintiff alleged that Parker East was the landlord of the premises, which was the basis for liability under Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law "NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). However, Parker East is not the landlord of the premises at issue and in fact has no legal connection to the premises. Thus, it cannot be held liable under any of these statutes for the alleged conditions at the premises because it is not an owner, lessor, lessee, or operator of the premises. Plaintiff is fully aware of this

fact and has since sought and received leave to file a Second Amended Complaint to name the entity that is the landlord: Parker 24 Commercial Associates, L.P.

In addition, Plaintiff cannot establish any prejudice resulting from the relief requested. As stated, Plaintiff filed a Second Amended Complaint on March 1, 2013 naming Parker 24 Commercial Associates, L.P. ("Parker 24")[1] and Kam Four, Inc. as defendants (*see* Docket No. 64). Vacating the judgment against Parker East will not cause any delay in the proceedings since Plaintiff and these additional defendants must conduct discovery in any event. No discovery has taken place in this case.

Equitable considerations also weigh in favor of granting Parker East's motion. Plaintiff obtained a default judgment against Parker East as the purported landlord, and then subsequently asserted a claim against the actual landlord, Parker 24. A denial of this motion would allow Plaintiff to double dip by pursuing a second recovery from the landlord of the premises. For this additional reason, the default judgment should be vacated.

In considering this motion, the Court should also consider Parker East's diligence in the defense of this matter once it learned that Defendant Abid failed to represent Parker East's interests in the default proceedings. Promptly upon learning about the default judgment, Parker East retained the undersigned counsel in this matter on December 18, 2012. Instead of burdening the Court with unnecessary motions, Parker East made a good faith effort to settle this matter. With the consent of the assigned

---

[1] The Second Amended Complaint and caption erroneously refer to this entity as "Parker Commercial 24th Associates."

3

Magistrate Judge, Parker East appeared and participated in two mediation sessions on February 13, 2013 and February 20, 2013 at the courthouse. A global resolution would have eliminated the need to file this motion. This motion is now necessary because the parties have not been able to reach a settlement agreement.

In addition to the requested vacatur, Parker East also requests that the Court strike from the record the exhibit annexed to Defendant Abid's "reply" motion filed on March 5, 2013 (*see* Docket No. 65). This document consists of an e-mail from Ms. Wong to Ms. Abid addressing the topic of settlement. This is clearly a protected and confidential settlement communication, which was inappropriately filed on the pubic docket by Defendant Abid. Parker East has not collaborated, cooperated, or provided any input with respect to the numerous submissions and appeals filed by Defendant Abid in this matter.

## II.   FACTS

Parker East respectfully refers the Court to the annexed Affidavit of Cynthia Wong ("Wong Affidavit" or "Wong Aff.") and Declaration of John W. Egan, Esq. ("Egan Decl.") for the facts relevant to this motion.

## III.   THE COURT SHOULD VACATE THE DEFAULT JUDGMENT AGAINST PARKER EAST

Default judgments are disfavored in this Circuit. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) ("[i]t is well established that default judgments are disfavored") (citation omitted); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("defaults are generally disfavored"). According to the

4

Second Circuit, "defaults . . . are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d at 96. *See also Costello v. Hai Sun Chinese Restaurant NY, Inc.*, No. 11 CV 0280 (KAM), 2012 U.S. Dist. LEXIS 38660, *7 (E.D.N.Y. Feb. 27, 2012) ("default judgment is an extreme remedy that should only be granted as a last resort"). Furthermore, "an understandable zeal for a tidy, reduced calendar of cases should not overcome a court's duty to do justice in the particular case." *Enron*, 10 F.3d at 96. The Court may vacate a default judgment under any of the grounds identified in Rule 60(b) of the Federal Rules of Civil Procedure. Among these grounds are "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

To determine whether to vacate a default judgment based on "excusable neglect" under Rule 60(b)(1), courts must evaluate and balance three (3) criteria:

> (1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted.

*American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59-60 (2d Cir. 1996), *quoting Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983). *See also Pecarsky,* 249 F.3d at 171 ("[w]hen deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted."). In addition to these three criteria, courts should also consider and weigh "[o]ther relevant equitable factors[,]" including whether denial of the motion "would bring about a harsh or unfair result." *Enron*, 10 F.3d at *96. The Second Circuit has made clear, however, that all of these criteria should be construed "generously" in favor of the defaulted party.

5

*See American Alliance Ins. Co.*, 92 F.3d at 58 ("[w]e conclude that 'excusable neglect' is to be construed generously in the context of an attempt to vacate a default judgment . . . .").

These criteria weigh strongly in favor of vacating the default judgment against Parker East. We address below each of these factors and their application to the facts presented.

> **A. Parker East Relied on Representations by Defendant Abid's Attorney in Not Retaining Counsel to Defend this Action and Thus Did Not Willfully Default**

In considering whether to vacate a default judgment under Rule 60(b), courts must first consider whether the defaulted party acted "willfully" in failing to respond to the complaint. To establish willfulness in this context, simple negligence or carelessness is insufficient. In *American Alliance*, for example, the Second Circuit held that "it will look for bad faith, *or at least something more than mere negligence*, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." 92 F.3d at 60 (emphasis added). In that case, the defendant failed to answer the complaint due to what the trial court found was a "grossly negligent" error by a non-attorney clerk. *Id.* at 61. Nonetheless, the court in *American Alliance* held that even a grossly negligent error is "not willful, deliberate, or evidence of bad faith" and accordingly reversed the trial court's denial of defendant's motion to vacate. *Id.* at 61-62. *See also Sears Petroleum & Transport Corp. v. Burgess Constr. Svcs., Inc.*, No. 95-CV-0892 (RSP/GJD), 1997 U.S. Dist. LEXIS 13890, *18 (S.D.N.Y. Sept. 11, 1997) (holding that even if the defaulted

6

party acted with gross negligence, the default should be set aside under the Rule 60(b) criteria).

Parker East did not default willfully. It instead relied, in good faith, on statements from a Defendant Abid's attorney that Defendant Abid would provide a defense to Parker East. The relevant facts are set forth in the accompanying Wong Affidavit, and are also summarized below.

### 1. After Receiving a Copy of the Amended Complaint, Ms. Wong Immediately Requested Defense and Indemnification from the Tenant, Defendant Kais Abid.

At all relevant times, Ms. Cynthia Wong was the Operations Compliance/Legal Affairs manager with Parker Management New York, LLC ("Parker Management"), which is not a party to this action. Wong Aff., at ¶ 1. Parker Management is the managing agent for Parker East. *Id.* Ms. Wong is not an attorney, and neither Parker Management nor Parker East employ any in-house counsel. *Id.* at ¶ 2.

Ms. Wong received a copy of the Amended Complaint naming Parker East as a defendant on or about September 10, 2012. *Id.* at ¶ 8. This pleading erroneously identified Parker East as the landlord. *Id*. at ¶¶ 8-9. Ms. Wong accordingly contacted Defendant Abid that same day and requested that he agree to defend and indemnify Parker East in this action as per the provisions in his lease. *Id.* at ¶ 9. Ms. Wong made this request verbally and in writing to Defendant Abid. *Id.* at ¶¶ 9, 11. Further, on September 27, 2012, she made this request directly to Defendant Abid's attorney during an in-person meeting. *Id.* at ¶ 11.

7

### 2. Defendant Abid's Attorney Shared his Case Assessment and Legal Strategy with Ms. Wong

Ms. Wong continued to follow up with Defendant Abid in October 2012 regarding the status of the lawsuit. *Id.* at ¶¶ 12, 14. In response to a request by Ms. Wong for an update, Mr. Steinberg sent an e-mail on October 12, 2012 to *both* Defendant Abid and Ms. Wong, which discussed the merits of Plaintiff's claims for injunctive relief and a legal strategy for responding.[2] *Id.* at ¶ 13, Exh. "E." This was part of the course of conduct that induced Ms. Wong into believing that Defendant Abid would defend Parker East. *Id.* at ¶ 18.

### 3. Defendant Abid's Attorney Represented to Ms. Wong that Defendant Abid Would Defend and Indemnify Parker East

*Significantly, on November 12, 2012, Mr. Steinberg advised Ms. Wong on a conference call that Defendant Abid would defend and indemnify Parker East in this action. Id.* at ¶ 16. This discussion was confirmed in an e-mail authored by counsel for Defendant 305 East 24th Owners Corp. ("305 East"), who also participated in this conference call. *Id.* at ¶ 17, Exh. "H." Mr. Steinberg did not retract or revise this statement at any time leading up to the Court's default judgment hearing on December 10, 2012. To the contrary, he corresponded with Ms. Wong on November 26, 2012 and invited Ms. Wong to send any appropriate paperwork to litigation counsel for Defendant

---

[2] The e-mail of October 12, 2012 referenced in Paragraph 13 of Ms. Wong's Affidavit discloses legal strategy and was apparently intended to be privileged communication from Mr. Steinberg to Defendant Abid and Ms. Wong. We have not filed this document even in redacted form, as per Your Honor's Individual Practice Rules. Rather, we will submit a letter application for filing the October 12, 2012 e-mail in redacted form as Exhibit "E" to the Wong Affidavit, pursuant to Section 4(B) of Your Honor's Individual Practice Rules.

Abid, presumably in connection with his representation of Parker East. *Id.* at ¶ 17, Exh. "H."

Significantly, it was not until *after* the hearing on December 10, 2012 did Ms. Wong learn that Defendant Abid was unwilling to defend Parker East. *Id.* at ¶¶ 19-20. In the weeks leading up to this hearing, however, Ms. Wong had a good faith belief that Defendant Abid would defend and indemnify Parker East. *Id.* at ¶¶ 18-19. This good faith belief was based upon representations by and communications from Mr. Steinberg. *Id.* at ¶ 18. It was also based the course of dealings between Ms. Wong and Defendant Abid. *Id.* at ¶ 19. Indeed, after the hearing, Defendant Abid corresponded with Ms. Wong and made statements suggesting that it was his intent that Parker East be defended by his retained litigation counsel, and that he would seek to "cure" the default. *Id.* at ¶ 20.

### 4. Based on these Facts, Parker East's Default was Not Willful

Ms. Wong's reliance on Mr. Steinberg's representations and conduct do not constitute a "willful" default under prevailing case law. Courts in this Circuit have granted motions to vacate where a party reasonably believes, based on representations by an attorney, that the party would be defended by that attorney and thereafter fails to respond to the complaint. *See Nationwide Mut. Fire Ins. Co. v. Rankin*, 199 F.R.D. 498, 503 (W.D.N.Y. 2001) (vacating a default judgment in an insurance coverage action where the party erroneously believed, based on correspondence from counsel for the insurance company, that he would be defended both in the underlying personal injury

9

action and in the coverage action). *See also Sears Petroleum & Transport Corp.*, 1997 U.S. Dist. LEXIS 13890, at *16-*18, *21 (setting aside a default where the defaulted parties allegedly "gave the complaint to an attorney and relied on that attorney to protect their interests"). Further, courts have held that non-lawyers, such as Ms. Wong, are to be afforded "extra leeway" in determining whether their conduct was willful. *See Blau v. Tom Kestler Design Build, Inc.*, No. 01 Civ. 3689 (RO), 2002 U.S. Dist. LEXIS 398, *6 (S.D.N.Y. Jan 14, 2002) (holding that it was appropriate to "afford . . . a quasi *pro se* litigant . . . 'extra leeway' in considering whether the Default Judgment against him should be set aside").

In the matter at hand, an attorney made a verbal promise of representation to Ms. Wong, communicated with Ms. Wong *as if* he were her lawyer, and directed her to provide paperwork to litigation counsel for Defendant Abid. Counsel further did not at any time before the default judgment was entered expressly retract this promise of representation made to a non-lawyer. Based on these facts, Ms. Wong had a reasonable and good faith belief that Defendant Abid would defend Parker East. Parker East's conduct therefore was not "willful," and this fact weighs heavily in favor of vacating the default judgment.

> **B. Parker East has a Complete and Meritorious Defense to this Action because it is Not the Owner, Lessor, Lessee, or Operator of the Premises**

To satisfy the criterion for a "meritorious defense" under Rule 60(b), the defense "need not be ultimately persuasive at this stage." *American Alliance,* 92 F.3d at 61. The Second Circuit has repeatedly held that "[t]he test of such a defense is measured not by

10

whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Pecarsky*, 249 F.3d at 173; *Enron*, 10 F.3d at 98.  The movant is only required to "present a defense with a level of specificity that directly relates to the allegations set forth in the Complaint and raises a serious question as to the validity of those allegations." *Blau*, 2002 U.S. Dist. LEXIS 398, at *7 (citation omitted).

Parker East is not a proper party to this lawsuit.  This constitutes a complete and "meritorious" defense for purposes of vacating the default judgment under Rule 60(b).  The Second Amended Complaint asserts a claim under Title III of the ADA for allegedly failing to provide full and equal access to the premises at issue.  This statute, however, only imposes these obligations on the owner, lessor, lessee, and operator of a place of public accommodation.  42 U.S.C. § 12812(a).  Plaintiff is asserts similar claims under NYSHRL and NYCHRL.  However, both statutes only apply to the "owner, lessee, proprietor, manager, superintendent, agent, or employee of any place or provider of public accommodation."   NYS Exec. L. § 296(a); NYC Admin. Code § 8-107(4)(a).

Plaintiff incorrectly sued Parker East as the lessor of the property to Defendant Abid.  As set forth in accompanying Wong affidavit and attached lease documents, the landlord is Parker 24 and not Parker East.  Wong Aff., at ¶ 5, Exh. "A."  Defendant 305 East is the owner of the property, and the operator is Defendant Abid.  *Id.* at ¶¶ 5-6.  Parker East cannot be held liable under the ADA, NYSHRL or NYCHRL because it is not a responsible party under any of these statutes.

11

In addition, Parker East has a "meritorious defense" within the meaning of Rule 60(b) with respect to Plaintiff's standing to file this action. The Second Amended Complaint does not allege the date when Plaintiff allegedly visited the premises or any facts to suggest that he will likely visit the premises again in the imminent future. Second Amended Complaint (*see* Docket No. 64), ¶ 3 (failing to identify the specific date when Plaintiff allegedly visited the premises"). Thus, there is a genuine issue about whether he has standing to sue under Title III of the ADA and, accordingly, whether this court has jurisdiction over this matter. For this additional reason the Court should vacate the default judgment issued against Parker East. *See Costello,* 2012 U.S. Dist. LEXIS 38660, at *7 (finding a legitimate factual dispute as to whether the plaintiff actually visited the premises in an ADA Title III action where the complaint did not identify this date, and setting aside the default judgment against the defendant accordingly).

### C.     Plaintiff Would Not be Prejudiced by a Vacatur

In addition to the willfulness and meritorious defense factors, the Court must also consider any prejudice to the Plaintiff if the motion is granted. The Second Circuit has held that court costs, counsel fees, and expert fees to obtain a default judgment does not factor into whether there would be any prejudice associated with vacating that default judgment. *Pecarsky*, 249 F.3d at 174. Furthermore, delays resulting from reopening a judgment, without more, do not establish prejudice. *Blau*, 2002 U.S. Dist. LEXIS 398, at *9.

Here, Plaintiff would not suffer any prejudice if the default judgment against Parker East is vacated. Plaintiff filed the Second Amended Complaint on March 1, 2013,

12

which names as additional defendants both Parker 24 (though incorrectly identified in that pleading and in the caption) and Kam Four, Inc. (*see* Docket No. 64).  A vacatur as to Parker East will not delay the proceedings as Plaintiff must conduct discovery with Parker 24 and Kam Four, Inc. regardless.  Plaintiff has conducted no discovery in this case whatsoever.  Egan Decl., at ¶ 10.  Further, as the Second Circuit held in *Pecarsky*, the costs, expenses and fees in connection with the default judgment application do not qualify as prejudice.  Thus, Plaintiff cannot establish any legitimate basis to claim prejudice under Rule 60(b).

> **D. The Court Should Vacate the Default Judgment Against Parker East to Avoid an Inequitable and Unfair Result**

In addition to willfulness, the existence of a meritorious defense, and potential prejudice to the non-moving party, the Court should also consider whether denial of the motion to vacate would bring about a harsh or unfair result.  *See Enron*, 19 F.3d at *96.  Parker 24, not Parker East, is the landlord of the premises.  Plaintiff nonetheless, after obtaining a default judgment against Parker East, amended his complaint to name Parker 24 as a defendant.  The Court should not allow Plaintiff to pursue a duplicative claim against the landlord.  For this additional reason, the Court should grant this motion in its entirety.

**IV. THE COURT SHOULD STRIKE THE PROTECTED SETTLEMENT DISCUSSION DISCLOSED IN THE REPLY MEMORANDUM OF DEFENDANT KAIS ABID**

On March 5, 2013, Defendant Abid filed a document entitled "Response Pursuant to Court Order of 28 Feb 2013" (*see* Docket No. 65).  The final page of this submission

13

consists of an e-mail from Ms. Wong to Defendant Abid concerning settlement of this action, which is also referenced at Paragraph 16 in the submission. The filing of this document was completely improper. Under Rule 408 of the Federal Rules of Evidence, settlement communications are not admissible as evidence. This rule exists in order to promote settlement through free and unhindered communications between the parties.

    Here, Defendant Abid violated this rule by filing a settlement communication between the parties on the public docket. Accordingly, Parker East requests that the Court strike this document from the record, and direct the Clerk to remove it from the docket. *See Foster v. WNYC-TV*, No. 88 Civ. 4584 (JFK), 1989 U.S. Dist. LEXIS 13724, *17 (S.D.N.Y. Nov. 20, 1989) (striking exhibits to motion papers filed by plaintiff that disclosed settlement communications among the parties, and further inviting the defendant to file an application for sanctions under Fed. R. Civ. P. 11 against plaintiff for violating F.R.E. 408).

## CONCLUSION

    For all of the above reasons, Parker East respectfully requests that the Court:

>(1) grant its motion to vacate the Final Default Judgment issued against Parker East on December 11, 2012 (*see* Docket No. 34), as well as the related Order and Judgment dated December 14, 2012 (*see* Docket No. 39), pursuant to Fed. R. Civ. P. 60(b)(1);
>
>(2) strike from the record the final page of the document entitled "Response Pursuant to Court Order of 28 Feb 2013" filed by Defendant Kais Abid (*see*

14

Docket No. 65), and direct the Clerk to remove this exhibit from the docket, pursuant to F.R.E. 408; and

(3) award any other and further relief that this Court deems just and proper.

Dated: New York, New York
March 13, 2013

SEYFARTH SHAW LLP

By: /s/ John W. Egan
John W. Egan
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
*Attorneys for Defendants Parker East 24th Apartments LLC and Parker 24 Commercial Associates*

15

15363865v.4