UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TODD KREISLER,                                                       :     Index No: 12-CIV-4052
                                           Plaintiff,  :             (PAE)
                                                    :
                  -against-                                                    :     **ANSWER TO SECOND**
                                                      :     **AMENDED**
KAIS ABID d/b/a PAPA JOHN'S, KAM FOUR, INC., a   :     **COMPLAINT WITH**
New York corporation b/a/a PAPA JOHN'S, PARKER   :     **CROSS-CLAIMS**
EAST 24TH APARTMENTS, LLC, a New York limited   :
liability company, PARKER COMMERCIAL 24th   :
ASSOCIATES, a New York limited partnership, and 305   :
EAST 24TH OWNERS CORP., a New York corporation,    :
                                                      :
                                               Defendants.  :
------------------------------------------------------------------------X

       Defendant 305 East 24th Owners Corp., (the "Coop"), by its attorneys Cantor, Epstein and Mazzola, LLP, answers the second amended complaint dated February 28, 2013 (the "Second Amended Complaint") as follows:

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Second Amended Complaint and refers all questions of law to the Court.

       2.    Admits the allegations set forth in paragraph 2 of the Second Amended Complaint.

       3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Second Amended Complaint.

       4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Second Amended Complaint, except admits that the Coop is a New York corporation.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Second Amended Complaint, except admits that the Coop is the owner of the subject real property located at 432 Second Avenue, New York, New York

6. Admits the allegations set forth in paragraph 6 of the Second Amended Complaint.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7. The Coop neither admits nor denies the allegations set forth in paragraph 7 of the Second Amended Complaint as that paragraph does not contain an allegation against the Coop.

8. Denies the allegations set forth in paragraph 8 of the Second Amended Complaint and refers all questions of law to the Court.

9. Denies the allegations set forth in paragraph 9 of the Second Amended Complaint and refers all questions of law to the Court.

10. Denies the allegations set forth in paragraph 10 of the Second Amended Complaint.

11. Denies the allegations set forth in paragraph 11 of the Second Amended Complaint and refers all questions of law to the Court.

12. Denies the allegations set forth in paragraph 12 of the Second Amended Complaint and refers all questions of law to the Court.

13. Denies the allegations set forth in paragraph 13 of the Second Amended Complaint and refers all questions of law to the Court.

14. Denies the allegations set forth in paragraph 14 of the Second Amended Complaint and refers all questions of law to the Court.

15. Denies the allegations set forth in paragraph 15 of the Second Amended Complaint.

16. Denies the allegations set forth in paragraph 16 of the Second Amended Complaint and refers all questions of law to the Court.

17. Denies the allegations set forth in paragraph 17 of the Second Amended Complaint and refers all questions of law to the Court.

### COUNT II: VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

18. The Coop neither admits nor denies the allegations set forth in paragraph 18 of the Second Amended Complaint as that paragraph does not contain an allegation against the Coop.

19. Denies the allegations set forth in paragraph 19 of the Second Amended Complaint and refers all questions of law to the Court.

20. The Coop repeats and re-alleges its responses to paragraphs 1-19 of the Second Amended Complaint as if fully set forth herein.

### COUNT III: VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

21. The Coop neither admits nor denies the allegations set forth in paragraph 21 of the Second Amended Complaint as that paragraph does not contain an allegation against the Coop.

22. Denies the allegations set forth in paragraph 22 of the Second Amended Complaint and refers all questions of law to the Court.

23. The Coop repeats and re-alleges its responses to paragraphs 1-23 of the Second Amended Complaint as if fully set forth herein.

### ATTORNEYS' FEES AND COSTS

24. Denies the allegations set forth in paragraph 24 of the Second Amended Complaint and refers all questions of law to the Court.

## DAMAGES

25.     Denies the allegations set forth in paragraph 25 of the Second Amended Complaint.

## INJUNCTIVE RELIEF

26.     Denies the allegations set forth in paragraph 26 of the Second Amended Complaint and refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28.     The Second Amended Complaint is barred because plaintiff lacks standing.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29.     The Second Amended Complaint is barred because the property at issue is not subject to the Americans with Disabilities Act ("ADA") to the extent that the property at issue was built before the ADA was enacted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30.     The Second Amended Complaint is barred because the Coop did not deny plaintiff full and equal opportunity to utilize its property on the basis of an alleged disability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31.     The Second Amended Complaint was not initiated in good faith and is barred by the doctrine of unclean hands.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

32.     The accommodations requested in the Second Amended Complaint constitute an

undue burden and would fundamentally alter the Coop's services and facilities.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. The removal of any architectural barriers to access at the subject property is not readily achievable or feasible.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. Plaintiff is not entitled to injunctive relief because he has failed to show an injury-in-fact or a threat of real and immediate harm.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35. Some or all of plaintiff's claims may be barred by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36. The Second Amended Complaint must be dismissed because plaintiff does not have a good-faith intent to return to the subject property and patronize its facilities.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

37. The Second Amended Complaint must be dismissed for failure to provide proper notice of the conditions alleged in the Amended Complaint and an opportunity to cure.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims under the New York City and State Human Rights Laws must be dismissed because the Coop's property is eligible for an exemption based on bona fide considerations of public policy.

### AS AND FOR A CROSS-CLAIM AGAINST KAIS ABID

39. The Coop denies any liability to Plaintiff on any alleged grounds which form the basis of the relief sought in the Second Amended Complaint. However, should there be a

determination in favor of Plaintiff against the Coop, such liability will have resulted, in whole or in part, from the actions of co-defendant Kais Abid, d/b/a Papa John's ("Kais Abid").

40. If this Court determines that any or all of the Coop's actions are the basis for liability, and if the Plaintiff recovers a judgment against the Coop for the damages alleged in the Second Amended Complaint, then Kais Abid shall be liable to the Coop for common law contribution and/or indemnification, in whole or in part, and any of such damages are to be apportioned between the Coop and Kais Abid to the degree of responsibility that each is found to have.

### AS AND FOR A CROSS-CLAIM AGAINST KAM FOUR, INC.

41. The Coop denies any liability to Plaintiff on any alleged grounds which form the basis of the relief sought in the Second Amended Complaint. However, should there be a determination in favor of Plaintiff against the Coop, such liability will have resulted, in whole or in part, from the actions of co-defendant Kam Four, Inc., d/b/a Papa John's ("Kam Four").

42. If this Court determines that any or all of the Coop's actions are the basis for liability, and if the Plaintiff recovers a judgment against the Coop for the damages alleged in the Second Amended Complaint, then Kam Four shall be liable to the Coop for common law contribution and/or indemnification, in whole or in part, and any of such damages are to be apportioned between the Coop and Kam Four to the degree of responsibility that each is found to have.

### AS AND FOR A CROSS-CLAIM AGAINST PARKER EAST 24TH APARTMENTS, LLC

43. The Coop denies any liability to Plaintiff on any alleged grounds which form the basis of the relief sought in the Second Amended Complaint. However, should there be a determination in favor of Plaintiff against the Coop, such liability will have resulted, in whole or in part, from the actions of co-defendant Parker East 24th Apartment, LLC ("Parker East").

44. If this Court determines that any or all of the Coop's actions are the basis for liability, and if the Plaintiff recovers a judgment against the Coop for the damages alleged in the Second Amended Complaint, then Parker East shall be liable to the Coop for common law contribution and/or indemnification, in whole or in part, and any of such damages are to be apportioned between the Coop and Parker East to the degree of responsibility that each is found to have.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST PARKER COMMERCIAL 24th ASSOCIATES

45. On or about October 16, 1984, an entity known as Dicta Realty Associates (as owner) entered into an agreement to lease (the "Lease") nine commercial units located on the street level of the Coop's building, located at 305 East 24th Street, New York, New York (the "Commercial Space") to an entity known East 24th Commercial Corp.

46. The Lease was then assigned by Dicta Realty Associates to the Coop on October 25, 1984, creating a landlord/tenant relationship between the Coop and East 24th Commercial Corp. East 24th Commercial Corp. exercised its option to renew the lease on May 1, 1999.

47. On May 1, 2003, East 24th Commercial Corp. assigned its interest in the Lease to Parker Commercial 24th Associates ("Parker"). Based on this assignment, Parker is the current Commercial Space tenant, with the Coop as the landlord.

48. Pursuant to the Lease, co-defendant Parker is required to defend, indemnify, and hold harmless the Coop.

49. Should there be a determination in favor of the Plaintiff against the Coop, such liability will have resulted from the actions of Parker and its breach of the Lease. Therefore, any judgment rendered against the Coop is covered by the Lease, and to the maximum extent allowed by law, the Coop is entitled to contractual indemnification from, and to have judgment over and

7

against, Parker for any verdict or judgment which any party hereto may recover against the Coop.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST PARKER COMMERCIAL 24th ASSOCIATES

50. The Coop denies any liability to Plaintiff on any alleged grounds which form the basis of the relief sought in the Second Amended Complaint. However, should there be a determination in favor of Plaintiff against the Coop, such liability will have resulted, in whole or in part, from the actions of co-defendant Parker.

51. If this Court determines that any or all of the Coop's actions are the basis for liability, and if the Plaintiff recovers a judgment against the Coop for the damages alleged in the Second Amended Complaint, then Parker shall be liable to the Coop for common law contribution and/or indemnification, in whole or in part, and any of such damages are to be apportioned between the Coop and Parker to the degree of responsibility that each is found to have.

**WHEREFORE,** defendant 305 East 24th Owners Corp., respectfully requests a judgment (i) dismissing the Amended Complaint in its entirety with prejudice; (ii) in favor of the Coop and against co-defendants Kais Abid, Kam Four, Parker East, and Parker on its cross-claims; and (iii) awarding such other and further relief as to this Court deems just, proper and equitable.

Dated:  New York, New York
        March 15, 2013          **CANTOR, EPSTEIN & MAZZOLA, LLP**
                                *Attorneys for the Coop*

                                By:      /s/ Gary S. Ehrlich
                                    Gary S. Ehrlich
                                    49 West 37th Street, 7th Floor
                                    New York, New York 10018
                                    (212)768-4343