UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
TODD KREISLER,

               Plaintiff,                          Civil Action No.: 12 Civ. 4052 (PAE)
                                                                  ECF CASE

vs.

KAIS ABID, d/b/a PAPA JOHN'S,                     **PLAINTIFF'S SUR-REPLY TO**
KAM FOUR, INC., a New York corporation,       **DEFENDANT ABID'S RESPONSE**
d/b/a PAPA JOHN'S, PARKER EAST 24th         **TO THE COURT'S FEBRUARY 28,**
APARTMENTS, LLC, a New York limited         **2013 COURT ORDER AND**
liability company, PARKER COMMERCIAL     **ABID'S UNDERLYING MOTION**
24TH ASSOCIATES, a New York limited
partnership, and 305 EAST 24TH OWNERS
CORP., a New York corporation,

               Defendants.
--------------------------------------------------------X

      Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), by and through his undersigned counsel, hereby respectfully files this Sur-Reply to Defendant KAIS ABID, d/b/a PAPA JOHN's "Response Pursuant to Court Order of 28 Feb 2013" [Dkt. 65] as well as the underlying motion, "Defendant Abid's Motion for Clarification of the Court's Order". [Dkt. 61].

      1.      On May 22, 2012, commenced this action based on the defendants' violations of The Americans Disabilities Act, Title III, 42 U.S.C. § 12181 et. seq., the Administrative Code of the City of New York § 8-107 et. seq., and the New York State Executive Law § 296 et. seq.

      2.      On September 27, 2012, the Clerk entered a Certificate of Default against PARKER EAST 24TH APARTMENTS, LLC. The Court thereafter entered a Default Judgment in favor of the Plaintiff against PARKER EAST 24TH APARTMENTS, LLC. [Dkt. 34] (the Parker East Default Judgment). The Court accordingly awarded compensatory damages to the Plaintiff and injunctive relief. The injunctive relief has since been stayed.

      3.      On December 14, 2012, the Court issued an Order [Dkt. 39] awarding $7,073.17

in attorney's fees to Plaintiff's counsel. The aforementioned award directed Defendant PARKER EAST 24TH APARTMENTS, LLC to pay the amount within thirty days.

4. On January 10, 2013, a payment of $1,000 was issued to the Plaintiff, Todd Kreisler, representing the payment ordered by the Court in its Order dated December 11, 2012 (See Exhibit "A"). The defaulting party, however, has not remitted payment to Plaintiff's counsel in the amount of $7,073.17.

5. Despite having no standing, defendant ABID filed two frivolous interlocutory appeals. The first interlocutory appeal pertained to an award of attorney's fees and costs to be paid by defendant PARKER EAST 24TH APARTMENTS, LLC, and the second interlocutory appeal pertained to the compensatory damages awarded to the Plaintiff on December 11, 2012.

6. Plaintiff's expert report references numerous violations[1] of the Americans Disabilities Act and applicable laws and various methods in which the fast food restaurant[2] can be made accessible without much difficulty or expense, including, but not limited to, installing a portable ramp with compliant signage, a wheelchair lift, or the installation of an exterior permanent ramp along Second Avenue to provide an accessible entrance for the Plaintiff and others who are similarly situated.

7. Plaintiff's expert report, dated March 14, 2013, reveals that Papa John's has removed the stools and counter during the pendency of this action, where patrons used to eat within the restaurant. The defendants have also posted a buzzer and signage on the outside of the restaurant during the pendency of this action stating that a portable ramp is available for wheelchair users, however; no portable ramp was on the premises during the Plaintiff's Rule

---

[1] The plaintiff's expert report identifies one violation of the ADA and other applicable laws that is not specifically referenced in the Second Amended complaint, the failure to provide an ADA compliant service counter with a maximum height of 36 inches above the finished floor, in violation of 2010 Standard § 302.2.

[2] The size of the restaurant is approximately 24 feet in width along Second Avenue, and 46 feet in depth extending in the direction of Second Avenue to First Avenue.

34 Expert Inspection.

8.     The defendants' expert, author of <u>The Complete Idiot's Guide to Starting Your Own Restaurant</u>, alleges in his expert report, in pertinent part, that there is a sign on the outside of the restaurant that states: "*Free Delivery…*though not ideal, does takes away a consumer's ability to say that they were not provided with products and services..." Defendants' expert report also states that the "subject establishment derives a majority of its revenues (more than 50-percent) from pizza delivery…" The defendants' expert further states in his report, "I made a note of a sign posted on the storefront signage, which clearly stated: *Free Delivery*. This is clear notice to the public that Papa John's offers its goods and services via delivery to anyone who requests/orders their products."

9.     The United States District Court of Appeals for the 2nd Circuit has dismissed the two interlocutory appeals filed by appellant/petitioner Appellant Kais Abid.

10.    In conclusion, defense counsel's "Response Pursuant to Court Order of 28 Feb 2013" as well as the underlying motion, "Defendant Abid's Motion for Clarification of the Court's Order" is meritless and contains no on-point legal authority that defendant Abid has standing to challenge the award of compensatory damages or attorney's fees.

Dated: March 17, 2013
       New York, New York

                                                  Respectfully submitted,

                                                  */s/ Adam T. Shore*
                                                  Adam T. Shore, Esq.
                                                  Law Offices of Adam Shore, PLLC
                                                  Attorney for Plaintiff
                                                  100 Park Avenue, Suite 1600
                                                  New York, New York 10017
                                                  Telephone:   (646) 476-4296
                                                  Facsimile:   (646) 390-7422
                                                  Email:  ashore@lawofficesofadamshore.com

3