UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Todd KREISLER,

                    Plaintiff,

             v.

Kais ABID,
*d/b/a PAPA JOHN'S;*
KAM FOUR INC,
*A New York Corporation d/b/a/ Papa John's,*
PARKER EAST 24TH APARTMENTS LLC,
*A New York Limited Liability Company;*
PARKER COMMERCIAL 24TH ASSOCIATES*,*
*A New York Limited Partnership,*
305 EAST 24TH OWNERS CORP.,
*A New York Corporation*
                    Defendants.
_____

**12 civ. 4052 (PAE)**

Defendant Kais Abid: & Defendant Kam Four Inc.

- **ANSWER TO SECOND AMENDED COMPLAINT (DKT. 64)**
- **ANSWER TO CROSS-CLAIMS (DKT 80)**
- **AFFIRMATIVE DEFENSES**
- **CROSS-CLAIMS**
- **COUNTER-CLAIMS**

Via ECF Filing to:    Adam Shore, Esq.
                             Atty for Plaintiff
                             100 Park Avenue STE 1600
                             New York NY 10007-5538

                             Gary Ehrlich, Esq.
                             Atty for Defendant 305 E 24 Owners Corp
                             49 West 37 Street  FL 7
                             New York NY 10018-0182

                             John Egan
                             Seyfarth Shaw LLP
                             620 Eighth Avenue
                             New York NY 10018-1595

Kais Abid, and Kam Four Inc., conducting business as "Papa John's" ("PJ Defendants) by their attorney Barry Frank Esq., in response to the Second Amended Complaint (Dkt. 64) file this

- Answer to the Second Amended Complaint (Dkt. 64),
- Answer to Cross-Claims (Dkt. 80), and interpose
- Cross-Claims and
- Counter-Claims.
- Defendants also raise Affirmative Defenses as set forth herein.

Defendants answer and say:

## **AS TO THE SECOND AMENDED COMPLAINT: (DKT. 64)**

*In this section, when we refer to "Paragraph xx" we are referencing the paragraph numbers in the Plaintiff's Second Amended Complaint, which is document 64 in this case.*

1. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 1, and respectfully refer questions of law to the Court.
2. Paragraph 2 calls for a conclusion of law, and we respectfully refer same to the Court.
3. Deny paragraph 3 and leave Plaintiff to his proof.
4. Deny paragraph 4 and leave Plaintiff to his proof.
5. Deny paragraph 5 and leave Plaintiff to his proof.
6. Paragraph 6 calls for a conclusion of law, and we respectfully refer same to the Court.

7. Paragraph 7 does not contain an allegation against the Defendants, and therefore we neither admit nor deny.

8. Deny paragraph 8 and leave Plaintiff to his proof.

9. Paragraph 9 calls for a conclusion of law, and we respectfully refer same to the Court.

10. Deny paragraph 10 and leave Plaintiff to his proof.

11. Deny paragraph 11 and leave Plaintiff to his proof.

12. Deny paragraph 12 and leave Plaintiff to his proof.

13. Paragraph 13 calls for a conclusion of law, and we respectfully refer same to the Court.

14. Deny paragraph 14 and leave Plaintiff to his proof.

15. Deny paragraph 15 and leave Plaintiff to his proof.

16. Deny paragraph 16 and leave Plaintiff to his proof.

17. Paragraph 17 calls for a conclusion of law, and we respectfully refer same to the Court.

18. Paragraph 18 does not contain an allegation against the Defendants, and therefore we neither admit nor deny.

19. Deny paragraph 19 and leave Plaintiff to his proof.

20. Deny paragraph 20 and leave Plaintiff to his proof.

21. Paragraph 21 does not contain an allegation against the Defendants, and therefore we neither admit nor deny.

22. Deny paragraph 22 and leave Plaintiff to his proof.

23. Deny paragraph 23 and leave Plaintiff to his proof.

24. Deny paragraph 24 and leave Plaintiff to his proof.

25. Deny paragraph 25 and leave Plaintiff to his proof.

26. Paragraph 26 calls for a conclusion of law, and we respectfully refer same to the Court.

### AS TO THE CROSS-CLAIMS OF DEFENDANT 305 EAST 24TH OWNERS CORP: (DKT. 80):

*In this section, when we refer to "Paragraph xx" we are referencing the paragraph numbers in the Answer to Second Amended Complaint and Cross-Claims filed by co-defendant 305 East 24th Owners Corp. That is document 80 in this case.*

27. As to Paragraph 39: Deny and leave Cross-Claimant to his proof.

28. As to Paragraph 40: Deny and refer conclusions of law to the Court.

29. As to Paragraph 41: Deny and leave Cross-Claimant to his proof.

30. As to Paragraph 42: Deny and refer conclusions of law to the Court.

31. As to Paragraph 43: does not contain an allegation against the PJ Defendants, and therefore we neither admit nor deny.

32. As to Paragraph 44: does not contain an allegation against the PJ Defendants, and therefore we neither admit nor deny.

33. As to Paragraph 45: does not contain an allegation against the PJ Defendants, and therefore we neither admit nor deny.

34. As to Paragraph 46: does not contain an allegation against the PJ Defendants, and therefore we neither admit nor deny.

35. As to Paragraph 47: does not contain an allegation against the PJ Defendants, and therefore we neither admit nor deny.

36. As to Paragraph 48: does not contain an allegation against the PJ Defendants, and therefore we neither admit nor deny.

37. As to Paragraph 49: does not contain an allegation against the PJ Defendants, and therefore we neither admit nor deny.

38. As to Paragraph 50: does not contain an allegation against the PJ Defendants, and therefore we neither admit nor deny.

39. As to Paragraph 51: does not contain an allegation against the PJ Defendants, and therefore we neither admit nor deny.

## AFFIRMATIVE DEFENSES AS TO PLAINTIFF & CROSS-CLAIMANTS

40. First Affirmative Defense: Plaintiff and Cross-Complainant fail to state a claim upon which relief can be granted.

41. Second Affirmative Defense: Plaintiff and Cross-Complainant lack standing.

42. Third Affirmative Defense: Plaintiff and Cross-Complainant's claims are barred because the property at issue is not subject to the Americans With Disabilities Act ("ADA") to the extent that the property at issue was built before the ADA was enacted.

43. Fourth Affirmative Defense: Plaintiff and Cross-Complainant claims are barred because the PJ Defendants did not deny the Plaintiff full and equal opportunity to utilize the property on the basis of an alleged disability.

44. Fifth Affirmative Defense: Plaintiff and Cross-Complainant claims are not initiated in good faith and are barred by the doctrine of unclean hands.

45. Sixth Affirmative Defense: The accomodations requested constitute an undue burden and would fundamentally alter the services and facilities offered by the PJ Defendants.

46. Seventh Affirmative Defense: The removal of any architectural barriers to access at the subject property is not readily achievable or feasible.

47. Eigth Affirmative Defense: Plaintiff is not entitled to injunctive relief because he has failed to show an injury-in-fact or a threat of real and immediate harm.

48. Ninth Affirmative Defense: Some or all of Plaintiff's and Cross-Complainants claims are barred by the applicable statute of limitations.

49. Tenth Affirmative Defense: Plaintiff does not have a good-faith intent to return to the subject property and patronize its facilities.

50. Eleventh Affirmative Defense: Complaint and Cross-Complaint must be dismissed for failure to provide proper notice of conditions alleged and an opportunity to cure.

51. Twelfth Affirmative Defense: Plaintiff claims under the New York City and State Human Rights Laws must be dismissed because the property is eligible for an exemption based on bona-fide considerations of public policy.

52. Thirteenth Affirmative Defense: Plaintiffs claims are barred by the doctrine of payment.

53. Fourteenth Affirmative Defense: Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## CROSS-CLAIMS

54. *As against 305 East 24th Owners Corp*: The PJ Defendants deny any liability to Plaintiff on any alleged grounds set forth by Plaintiff. However, should there be a determination in favor of Plaintiff against the PJ Defendants, such liability will have resulted, in whole or in part, from the actions of 305 East 24th Owners Corp.

55. *As against Parker East 24th Apartments LLC*: The PJ Defendants deny any liability to Plaintiff on any alleged grounds set forth by Plaintiff. However, should there be a

determination in favor of Plaintiff against the PJ Defendants, such liability will have resulted, in whole or in part, from the actions of Parker East 24th Apartments LLC.

56. *As against Parker Commercial 24th Associates*: The PJ Defendants deny any liability to Plaintiff on any alleged grounds set forth by Plaintiff. However, should there be a determination in favor of Plaintiff against the PJ Defendants, such liability will have resulted, in whole or in part, from the actions of Parker Commercial 24th Associates.

57. *As against 305 East 24th Owners Corp,* and *Parker East 24th Apartments LLC, and Parker Commercial 24th Associates*: The co-defendants having an intent to do harm without economic or social excuse or justification, used regularly issued civil process, in a perverted manner and after issuance, to obtain a collateral objective, and proximately caused actual and/or special damages to PJ Defendant's person or property.

58. *As against 305 East 24th Owners Corp,* and *Parker East 24th Apartments LLC,* and *Parker Commercial 24th Associates*: The co-defendants having an intent to do harm without economic or social excuse or justification, used regularly issued civil process, in a perverted manner to obtain a collateral objective, and proximately caused actual and/or special damages to PJ Defendant's person or property.

## COUNTER-CLAIMS AS AGAINST TODD KREISLER

59. The PJ Defendants deny any liability to Co-Defendants on any alleged grounds set forth by Co-Defendants. However, should there be a determination in favor of any of the Co-Defendants against the PJ Defendants, such liability will have resulted, in whole or in part, from the actions of Todd Kreisler.

60. Todd Kreisler having an intent to do harm without economic or social excuse or justification, used regularly issued civil process, in a perverted manner and after issuance, to obtain a collateral objective, and proximately caused actual and/or special damages to PJ Defendant's person or property.

61. Todd Kreisler having an intent to do harm without economic or social excuse or justification, used regularly issued civil process, in a perverted manner to obtain a collateral objective, and proximately caused actual and/or special damages to PJ Defendant's person or property.

**WHEREFORE**, the PJ Defendants (Kais Abid & Kam Four Inc), respectfully seek dismissal of the Second Amended Complaint in favor of the PJ Defendants and against the Plaintiff and the co-defendants, on all claims and cross-claims, and such other and further relief as this Court deems just and proper.

Ft. Lee, New Jersey
March 21, 2013

        **Law Firm of Barry N. Frank & Associates PC**
        *Attorneys for the Defendant, Kais Abid*
        *Attorneys for the Defendant, Kam Four Inc*

        BY:_____/s/  Barry N. Frank, Esq.
        440 West Street, 3rd Floor
        Fort Lee, New Jersey   07024-5028
        (201) 461-2500