**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Todd KREISLER,

|                              |                              |
|------------------------------|------------------------------|
|              Plaintiff,      |        12 civ. 4052 (PAE)    |
|      v.                      |                              |
| Kais ABID,                   |     FRE 702(A) MOTION         |
| *d/b/a PAPA JOHN'S;*         |     Notice of Motion         |
| KAM FOUR INC,                |                              |
| *A New York Corporation d/b/a/ Papa John's,* | |
| PARKER EAST 24TH APARTMENTS LLC, | |
| *A New York Limited Liability Company;* | |
| PARKER COMMERCIAL 24TH ASSOCIATES, | |
| *A New York Limited Partnership,* | |
| 305 EAST 24TH OWNERS CORP., | |
| *A New York Corporation* | |
|              Defendants.     |                              |

_____

TO:   Adam Shore, Esq.
       Gary Ehrlich, Esq.
       John Egan, Esq.
Via ECF filing

PLEASE TAKE NOTICE that upon the attached Attorney Declaration of Barry N. Frank, Esq. and the attached Motion, Defendant will move this Court, Hon. Paul A. Engelmayer, U.S.D.J. in Room_____United States Courthouse, 500 Pearl Street, New York, New York 1007- as soon as counsel can be heard, preclusion of testimony by Michael Tobias,and all further relief deemed appropriate by the Court.

Dated:  Fort Lee, New Jersey
         February 27, 2013

                    **Law Firm of Barry N. Frank & Associates PC**
                    *Attorneys for the Defendant, Kais Abid*

                    BY:_____/s/  Barry N. Frank, Esq.
                     440 West Street, 3rd Floor
                     Fort Lee, New Jersey   07024-5028
                    (201) 461-2500

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**


Todd **KREISLER,**

|  |  |
|---|---|
| Plaintiff, | **12 civ. 4052 (PAE)** |
| v. | |
| Kais **ABID,** | **FRE 702(A) MOTION** |
| *d/b/a PAPA JOHN'S;* | Affirmation In Support |
| **KAM FOUR INC,** | |
| *A New York Corporation d/b/a/ Papa John's,* | |
| **PARKER EAST 24TH APARTMENTS LLC**, | |
| *A New York Limited Liability Company;* | |
| **PARKER COMMERCIAL 24TH ASSOCIATES**, | |
| *A New York Limited Partnership,* | |
| **305 EAST 24TH OWNERS CORP.**, | |
| *A New York Corporation* | |
| Defendants. | |

_____

## MOTION TO PRECLUDE TESTIMONY OF MICHAEL TOBIAS


Defendants Kais Abid & Kam Four Inc. (hereinafter, "the PJ Defendants"), by their attorney Barry Frank Esq., submit this affirmation in support of their motion to preclude testimony by Michael Tobias.

1.  Plaintiff and the PJ Defendants have exchanged expert reports.

2.  Plaintiff has provided the report of Michael Tobias.

3.  ***N.B.***: While we agree with Judge Richey's observations, 154 F.R.D. 537, cited approvingly in the *Committee Notes on Rules—2000 Amendment,* for convenience we shall use the term "expert" since that remains in the language of the Rule.

## SUMMARY & LEGAL STANDARD

4.  Admissibility of experts is governed by FRE 702 and case law, most notably *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993).

5.  Determination of this motion is for the trial court, and review is subject to an abuse-of-discretion standard, which cannot be overturned unless manifestly erroneous, *General Electric Co. v. Joiner*, 522 U.S. 136, 141-43 (1997)

6.  The primary objections raised in this motion relate to the application to this case of section (a) of the Rule and to *Daubert* and its progeny.

7.  The specific nature of the objections relate to:

    a.  Relevance,

    b.  "Specialized knowledge" and

    c.  Matters of law properly within the province of the Court.

8.  The Rule requires that the proffered testimony "help the trier of fact to understand the evidence or to determine a fact in issue", FRE 702(a).

## RELEVANCE OF TOBIAS TESTIMONY

9.  The *Daubert* court held that "expert testimony which does not relate to any issue in the case is not relevant, and ergo, non-helpful," *Daubert* at 591.

10. To the extent that Mr. Tobias seeks to give testimony regarding "brail" (Tobias report page 1 and page 2 item 4), this is not relevant.

11. Brails are ropes used on sailing ships, this case does not involve ships.

12. Assuming arguendo that Mr. Tobias means "braille" that is equally irrelevant; braille being a tactile signage used for the visually impaired and there being nothing in the complaint as to Plaintiff having any visual impairment.

## APPLICATION OF STATUTE AND THE CODE OF FEDERAL REGULATIONS IS THE PROVINCE OF THE COURT

13.  To the extent that Mr. Tobias regarding any provisions of statute or the C.F.R., those matters are within the province of the Court. Much of the prospective testimony of Mr. Tobias relates to such matters.

14.  Taking the 5 points of the Tobias report:

   a.  *Point 1 relating to ramps and lifts*: There is no dispute that ramps exist, nor is there a dispute that ramps can be put in. The issue as to whether they can be compliant with the C.F.R. involves the application of basic geometry (rise over run) and basic math (multiplying 12 times 13). We have dealt with this in detail (Dkt. 54-2 at paragraphs 71 thru 84), and managed to do so with the aid of a pen and paper. If necessary, a $5 calculator may be used for those lacking basic math skills; this does not constitute "scientific, technical, or other specialized knowledge." With regard to the cost of ADA compliant lifts, if testimony is required in such a matter this would be properly determined by introduction of cost estimates from vendors, not an engineer.

   b.  *Point 2 relating to the transaction counter*: As noted, the language of 28 C.F.R. Part 36 is a matter for the Court and expert testimony is not needed. To the extent that the Court requires testimony as to the expense of "lowering the transaction counter" this calls for the testimony of a contractor, not an engineer or architect.

   c.  *Point 3 relating to the service counter*: Same analysis as the transaction counter, supra.

   d.  *Point 4 relating to signage*: To the extent that this involves "tactile" signage, the testimony  is not relevant for the reasons set forth supra. To the extent that it involves the application of 28 C.F.R. Part 36, it is a matter of law for the Court. To the extent that it involves a cost estimate, this calls for testimony from a vendor of such signage or a contractor who purchases such signage, not the testimony of an engineer or architect.

   e.  *Point 5 relating to the floor mats*: The application of 28 C.F.R. Part 36 and 2010 Standard § 302.2 is within the province of the Court and does not require expert testimony.

15.  The conclusion of the Tobias report is:

> [I]*t is my professional opinion that the subject premises is noncompliant with the ADA and New York City and New York State applicable Laws.*

16. Whether the premises is or is not compliant with statute is the province of the Court

## THE EXPERIENCE OF MR. TOBIAS IS NOT APPLICABLE TO THIS CASE.

17. The CV of Mr. Tobias indicates that he has been involved in "design projects" primarily for banks and office buildings.

18. There is no indication that he is familiar with restaurant design.

19. The CV does state that Mr. Tobias has performed "Compliance Rule 34 Inspections" which presumably are in connection with litigation.

20. The matter of whether the premises at issue in this case is or is not compliant with any statute or regulation is exclusively within the province of the Court.

21. Since Mr. Tobias has no "scientific, technical, or other specialized knowledge" bearing on the issues in the instant litigation, his testimony is properly precluded.

**WHEREFORE**, Movant seeks preclusion of any testimony by Michael Tobias, and for such other and further relief as this Court deems just and proper.

Ft. Lee, New Jersey

March 25, 2013

**Law Firm of Barry N. Frank & Associates PC**
*Attorneys for the Defendant, Kais Abid*
*Attorneys for the Defendant, Kam Four Inc*

BY:_____/s/  Barry N. Frank, Esq.
 440 West Street, 3rd Floor
 Fort Lee, New Jersey   07024-5028
 (201) 461-2500