UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TODD KREISLER,

               Plaintiff,

    -v-

KAIS ABID d/b/a PAPA JOHN'S,
PARKER EAST 24th APARTMENTS, LLC,
a New York limited liability company,
KAM FOUR, INC., a New York corporation,
d/b/a PAPA JOHN'S, PARKER COMMERCIAL
24TH ASSOCIATES, a New York limited
partnership, and 305 EAST 24TH OWNERS
CORP., a New York corporation,

               Defendants.
-----------------------------------------------------------X

Civil Action No.: 12 Civ. 4052 (PAE) (JF)
ECF CASE

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE FINAL DEFAULT JUDGMENTS**

      Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), by and through his undersigned counsel, respectfully files this Response In Opposition to Defendant PARKER EAST APARTMENTS 24th, LLC's Motion [Dkt. 74] to Vacate Final Default Judgments pursuant to Rule 60 (b) (1).

**I.    INTRODUCTION**

      Defendant's motion to vacate the default judgment is not predicated on a case that is moot; it is in part, however, the result of an Officer of the Court, Barry Frank, who sat mute.

      PARKER EAST 24th APARTMETS, LLC filed its Motion to Vacate the Final Default Judgments to request that the Plaintiff, TODD KREISLER, refund the $1,000 paid to him by The Jack Parker Corporation, and vacate an award of $7,073.17 in attorney's fees, a fraction of the attorney's fees, expenses and costs, incurred by Plaintiff's counsel in this case to date.

      John W. Egan, Esq. has accused the Plaintiff of "double-dipping". As John Egan, Esq. and his co-counsel, Barry Frank, Esq., may not yet be aware, the Movant's motion, in addition to John Egan, Esq.'s and Cynthia M. Wong's actions or in-actions in this violation of civil

1

rights case, are no laughing matter.

John Egan's and Barry Frank's attempts at levity sit as mute as Barry Frank's dismissed appeals.

## II.  FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history of this case was expounded in detail in Plaintiff's Opposition [Dkt. 56] to Barry Frank's Omnibus Motion [Dkt. 54-2]. Counsel for Plaintiff further elaborates below on the factual and procedural history pertinent to this Opposition to defendant's Motion to Vacate the Final Default Judgments.

On August 16, 2012, Gary Ehrlich, Esq., counsel for 305 EAST 24th APARTMENTS, LLC (hereinafter referred to as the co-op), filed its Amended Answer [Dkt. 19] unequivocally stating in ¶ 42 that PARKER EAST 24TH APARTMENTS, LLC is the current commercial space tenant with 305 EAST 24th APARTMENTS, LLC as the landlord.

After a Show Cause hearing, on December 10, 2012, the Court entered a Final Default Judgment (#12,2186) in favor of the Plaintiff against PARKER EAST 24TH APARTMENTS, LLC on or about December 11, 2012, awarding the Plaintiff one thousand dollars ($1,000) in compensatory damages and injunctive relief.

PARKER EAST 24th APARTMENTS, LLC, by and through the Jack Parker Corporation, paid the compensatory damages to the Plaintiff on January 10, 2013. The Movant know seeks to rescind a refund from the Plaintiff in the amount of one-thousand dollars ($1,000). The offer to pay $1,000, however, was accepted by the Plaintiff, and is therefore an admission of liability by PARKER EAST 24th APARTMENTS, LLC.

On December 14, 2012, the Court issued an Order and Judgment (#12,2226) [Dkt. 39] awarding $7,073.17 in attorney's fees to Plaintiff's counsel.  The aforementioned award directed defendant PARKER EAST 24TH APARTMENTS, LLC to pay the amount within

thirty (30) days.

On January 2, 2013, John Egan wrote in his letter to Barry Frank admitting, in a dubious fashion, that PARKER EAST 24TH APARTMENTS, LLC is the sponsor of the cooperative apartment and retains unsold shares in the cooperative. The January 2, 2013 letter also admits that Seyfarth Shaw, LLP represents the defaulting party, PARKER EAST 24TH APARTMENTS, LLC.

PARKER EAST 24th APARTMENTS, LLC, by and through its counsel John Egan, Esq., and Cynthia Wong, have refused to pay the $7,073.17 in attorney's fees pertaining to Final Judgment (#12,2186).

The Movant's Motion [Dkt. 77] does not contain any on-point justification for vacating the final default judgments, nor does Barry Frank's [Dkt. 82] Reply.

### III. MEMORANDUM OF LAW

Fed. R. Civ. P. 60 (b) (1) states on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60 (c) (1) states that a motion under Rule 60(b) must be made within a reasonable time.

Rule 1.3 of the New York State Profession Rules of Conduct states: (a) A lawyer shall act with reasonable diligence and promptness in representing to a client. (b) A lawyer shall not neglect a legal matter entrusted to the lawyer. (c) A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services…

Fed. R. Civ. P. (c) (2) states that the motion does not affect the judgment's finality or suspend its operation.

### IV. ARGUMENT

The Motion to Vacate the Default Judgment and the emails annexed to PARKER

3

EAST 24TH APARTMENTS, LLC's Motion do not contain any valid reason to vacate the Final Default Judgments.  John Egan's Motion was not made within a reasonable time and should also be denied based on Rule 1.3 as set-forth herein.

The individuals leading to this Motion to Vacate as referenced in the emails are Cynthia Wong, Gary Ehrlich, Esq., John Egan, Esq., Paul Steinberg, Esq. and Barry Frank, Esq.  Barry Frank's Motion requests that all the aforementioned individuals appear before Your Honor to be questioned about the facts leading up to PARKER EAST 24TH APARTMENTS, LLC's Motion to Vacate The Default Judgment.  Counsel for Plaintiff has no objection to Barry Frank's request.

Docket Entry 75, titled Declaration of "John W. Egan, Esq." (hereinafter the "Egan Declaration") states that he requested in a letter dated January 2, 2013, that Mr. Abid make the retrofits ordered by the Court in its Order of December 11, 2012." [see Par. 5] and [Egan's letter, Exhibit "3" to the Egan motion]   John Egan's statement that he requested that Mr. Abid make the retrofits ordered by the Court is not self-serving.

 Docket Entry 76, titled "Affidavit of Cynthia Wong" states that on January 10, 2013, Parker East 24th Commercial Associates, L.P. issued payment to satisfy the default judgment order against Parker East.  The declaration also states engagement of Seyfarth Shaw, LLP as counsel for the Parker East was finalized on December 18, 2012.

However, there is no mention of when Sefaryth Shaw, LLP was first notified of this action and therefore, the Movant's Default may very well have been willful.

John Egan, Esq. states in his declaration that Defendant Kais Abid has filed numerous submissions and appeals since January 2013 related to the default judgment issued against Parker East.

Nevertheless, Egan has filed a Motion to Vacate the same Default Judgments that were

4

appealed by Frank. Only after the Frank's appeals were dismissed did Egan file his Motion.

In addition, ¶ 30 of Barry's Frank's Reply [DE 82] states " a cynical observer might suspect that a defaulted party subsequently attended multiple 'settlement' conferences and drafted brobdingnagian pleadings to reopen litigation rather than pay $7,037.17 is for a purpose other than ostensible as set forth in the Motion".

Barry Frank, however, filed brobdingnagian motions, an appeal, and attended a conference in the 2nd Circuit rather than have his client pay $7,037.17. One does not have to be cynical observer to figure out what Mr. Frank's motives where. All one has to do is look at his Rule 26 initial disclosures [Dkt. 53] which states that his clients have insurance coverage.

Further, Mr. Frank knows or should know that an accessible entrance is feasible. Mr. Frank went to the extent of misrepresenting to this Court, on multiple occasions, the width of the restaurant in an attempt to overzealously represent his clients, Kais Aid and Kam Four, Inc.

John Egan, Esq. stated in his declaration, dated March 14, 2013, that based on his communications with counsel for Defendants that Plaintiff has not conducted any discovery in this matter. Discovery, however, was conducted. Undersigned counsel asked Egan who erroneously advised him no discovery was conducted by Plaintiff and Egan's response was Gary Ehrlich, Esq.

Gary Ehrlich, Esq. must have forgotten that he provided discovery responses to discovery propounded by Plaintiff on February 7, 2013. Plaintiff repeadelty requested that Ehrlich provide responses to the discovery propounded by Plaintiff and to file his Rule 26 Initial Disclosures.

If it weren't for Plaintiff's counsel prodding of Ehrlich to respond, he may not have responded to the Plaintiff's demands.

Gary Ehrlich's Answer to the Second Amended Complaint states Parker Commercial

24 Associates ("Parker") is the current commercial space tenant. See [Dkt 80 ¶ 47]. Ehrlich's statement in a pleading, his Answer to the Second Amended Complaint, is grounds for denying the Movant's motion,

Cynthia Wong, in her declaration [Dkt. 76], states her employer is Parker Management. Ms. Wong is a non-attorney employed as Operations Compliance/Legal Affairs Manager responsible for coordinating with retained outside counsel on behalf of Parker Management, Parker East and Parker 24.

Ms. Wong stated she received a copy of the Amended Complaint on or about September 10, 2012. However, Ms. Wong did not retain counsel pertaining to this matter until December 18, 2012. The Motion to Vacate the Default also fails to state when John Egan, Esq. was first contacted about this matter. Ms. Wong's retained counsel, John Egan, Esq. did not file a Notice of Appearance until March 13, 2013.

Dilatory conduct and/or willful conduct by the Parker Entities, its employees and its Counsel is evident and are grounds for denying the Movant's motion.

The emails from September 10, 2012 to December 10, 2012 referenced in Ms. Wong's declaration and attached exhibits are no excuse for the Parker Entities and its attorney's failure to act with reasonable diligence and promptness.

The Movant's Motion to Vacate [Dkt. 77] states, erroneously, that a vacatur will not delay the proceeding as Plaintiff needs to conduct discovery since Plaintiff has conducted no discovery whatsoever. John Egan, Esq. should have requested a copy of Barry Frank's January 25, 2013 discovery responses.

In addition, Gary Frank's discovery response was on the docket sheet prior to the filing of Movant's motion.

Barry Frank, Esq., without any evidentiary support, misrepresented to the Court the

6

width of the restaurant. Barry Frank, Esq. misrepresented to the Court the size of the restaurant Papa John's in his Omnibus Motion, dated January 24, 2013.

Barry Frank's Omnibus Motion ¶ 82, states that width of the premises is 222 inches, or 18.5 feet. However, blue prints of the restaurant provided to the undersigned by counsel for Abid and Papa' John's indicate the width of the restaurant is exactly 23.8 feet. [See Exhibits "A-D"].

The Plaintiff's Expert Inspection on March 13, 2013 and the Plaintiff's Expert Report, dated March 14, 2013, reveals the two steps referenced in the Complaint are 13 inches in height. The expert report states "In order to enter the space through the entrance along the sidewalk of 2 Av., a person must descend two (2) steps of unequal riser height ('6' and '7')." Barry Frank, Esq. has admitted the steps total 1 foot and an inch.

The Plaintiff's Expert Report states that a permanent small ramp can be constructed from the sidewalk level up to the main floor level; the ramp would require appropriate slope, railings, and signage as required by 28 C.F.R. 36 to provide an accessible and properly designated entrance. In the alternative, a wheelchair lift may be used. In the alternative, an ADA compliant portable ramp with a non-slip surface may be used in conjunction with ADA accessible signage and buzzer to comply with 28 C.F.R. Part § 36.304 (e).

Defendants' Abid and Papa John's have refused to comply with any of the above referenced modifications, thus this case cannot possibly be moot, because the injunctive relief requested has not been resolved.

For every inch of rise, 10 to 12 inches of slope must be installed. In the case at bar, the two steps are thirteen inches. Therefore, 12 inches time 13 inches is 156 inches. 156 inches is less than 285.6 inches or 23.8 feet. The entrance door can be relocated if necessary to provide room for the permanent ramp.

7

This is particularly true since the counter and stools where patrons used to eat within the restaurant where removed (after the Complaint was filed) making it possible for the entrance door to be relocated.

A permanent ramp, an ADA compliant portable ramp, or a wheel chair lift, are all possible solutions to providing an accessible entrance. Barry Frank's repeated assertions that it is impossible to provide an accessible entrance are egregiously false. Barry Frank's egregiously false statements and conduct in this case is compounded by his misrepresentation to the Court regarding the width of the restaurant.

Barry Frank, Esq. has repeatedly stated that providing the injunctive relief requested by the Plaintiff is impossible. As such, it is impossible for this case to be moot because the injunctive relief that needs be provided to the Plaintiff, specifically an accessible entrance, is being blocked by Abid and his counsel.

Instead of wasting the Court's time quoting Socrates and Plato in his long-winded motions, Barry Frank, Esq. should re-read the New York State Professional Rules of Conduct.

During the March 13, 2013 expert inspection there was signage stating that a portable ramp is available. No ADA complaint portable ramp, or any portable ramp, exists at the fast food restaurant. No portable ramp was present during the plaintiff's pre-suit or expert inspection and Mr. Frank continues to insist it is not feasible to install a portable ramp, or any other means of access into Papa John's.

The defendant's expert report does not state there is an ADA compliant portable ramp or any means of access into the restaurant and states that a portable ramp would make the establishment less safe. Furthermore, the Defendant's expert report, dated February 8, 2013, contains no measurements whatsoever.

Counsel for Plaintiff recently requested that the parties to this action attend mediation

through a neutral mediator, specifically JAMS Resolution Experts. Gary Ehrlich, Esq., has agreed. Gary Ehrlich's client has insurance coverage. Barry Frank, Esq.'s clients have insurance, although has not yet responded to the Plaintiff's offer to attend mediation.

John W. Egan, Esq. did not agree to mediation because he said it would be too expensive for his client. This is no surprise as John W. Egan, Esq.'s clients are seeking a refund of $1,000 paid by the Jack Park Corporation, or a subsidiary thereof, from the Plaintiff.

John W. Egan's client is also in Contempt of Court for failing to pay the attorney's fees awarded to Plaintiff's counsel in the December 2012, Final Judgment. Fed. R. Civ. P. (c) (2).

John Egan's and Barry Frank's reference to "double-dipping" is a misguided attempt at levity. The Jack Parker Corporation and its subsidiaries, by filing its Motion to Vacate, are in seeking a refund of the $1,000.

Defendants failed to cite one case regarding "double-dipping" in their motions that is relevant to this case. The Seinfeld episode, referenced in John Egan's and Barry Frank's papers, is palpably irrelevant.

Counsel for the defendants should be well aware that the cost of resolving this case though a neutral mediator would be far less expensive for their client's than proceeding to trial.

The defendants should also be more consciousness of the Court's interest in resolving cases prior to trial based on judicial economy.

As stated above, the width of the restaurant, along Second Avenue, is 23.8 feet. The width of the restaurant is directly relevant to whether a permanent ramp can be installed outside the restaurant.

The Plaintiff's recent March 15, 2013 expert report states that a permanent ramp can be installed on Second Avenue. Mr. Frank recklessly filed two Motions stating it was impossible to install a ramp because of the size of the restaurant. [see Dkt. 54-2, ¶'s 71 thru 84; Dkt. 85, ¶

14, and Dkt. 86 ¶ 14].

The determination of whether a portable ramp or the installation of permanent ramp is a reasonable accommodation is done on a case by case basis.

Barry Frank has tried to deceive this Honorable Court by mispresenting the width of the restaurant, which is relevant to whether or not a permanent ramp can be installed.

Finally, Barry Frank's misrepresentation regarding the width of the restaurant was willful and made without any evidentiary support. Mr. Frank's motive was to mislead the Court regarding a pertinent fact pertaining to this case. Barry Frank asserted a false material factual statement to the tribunal. Barry Frank's purpose was to deceive and his conduct was an effort to induce detrimental reliance.

V.  **CONCLUSION**

The Plaintiff therefore respectfully requests (1) Defendant's Motion to Vacate the Default Judgments be Denied; (2) The Court issue an Order of Contempt pursuant to Rule 60 (c) (2) for the defaulting defendant's refusal to pay the attorney's fees ordered by the Court; (3) The Court issue sanctions against Barry Frank; and (4) for such other and further relief deemed just and proper.

Dated: March 27, 2013
      New York, New York

                                      Respectfully submitted,

                                      */s/ Adam Shore*
                                      Adam T. Shore, Esq.
                                      Law Offices of Adam Shore, PLLC
                                      Attorney for Plaintiff
                                      100 Park Avenue, Suite 1600
                                      New York, New York 10017
                                      Telephone:  (646) 476-4296
                                      Facsimile:  (646) 390-7422
                                      Email:       atsesq@gmail.com