UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TODD KREISLER,

                      Plaintiff,

      -v-

KAIS ABID d/b/a PAPA JOHN'S, KAM FOUR, INC.,
PARKER EAST 24TH APARTMENTS, LLC, PARKER
24 COMMERCIAL ASSOCIATES, and 305 EAST 24TH
OWNERS CORP.

                    Defendants.

------------------------------------------------------------X

12 Civ. 4052 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    The Court has received a letter from defendant Parker East 24th Apartments, LLC ("Parker East"), dated March 13, 2013, Dkt. 86, requesting to file a document under seal in connection with its motion to vacate, Dkt. 74. The Court has also received a letter from plaintiff Todd Kreisler, dated March 13, 2013, opposing this request. Dkt. 87. The issue is also addressed in passing in defendant Kais Abid's response to the motion to vacate, dated March 18, 2013, in which he states that the email should be filed publicly. *See* Dkt. 82, ¶ 12.

    The document at issue is an email dated October 12, 2012, from Paul Steinberg, Esq., non-litigation counsel for Abid, to Abid and Cynthia Wong, a non-attorney employee of Parker East. Parker East seeks to redact it because it "discloses legal advice being provided by Mr. Steinberg to both Mr. Abid and Ms. Wong regarding this action." Dkt. 86, at 2. In its motion to vacate, Parker East argues that Abid had represented to it (via Ms. Wong) that Abid would defend and indemnify Parker East.

    It is unclear whether the email is privileged—it is between Abid's counsel and an employee of a different party; and on its face it is arguable whether it contains legal advice. However, there is a colorable argument that the communication is protected, either as a

1

communication as part of the process by which Parker East was retaining counsel, *see Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 100 (S.D.N.Y. 2009) ("An attorney-client relationship can arise prior to formal engagement."); *United States v. Devery*, No. 93 Crim. 273 (LAP), 1995 WL 217529, at *5 (S.D.N.Y. Apr. 12, 1995) (collecting cases), or under the common interest doctrine. This doctrine protects certain communications where "(1) the party who asserts the rule must share a common legal interest with the party with whom the information was shared and (2) the statements for which protection is sought [must have been] designed to further that interest." *Egiazaryan v. Zalmayev*, No. 11 Civ. 2670 PKC GWG, 2013 WL 945462, at *9–10 (S.D.N.Y. Mar. 8, 2013) (alteration in original) (quoting *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 252 F.R.D. 163, 171 (S.D.N.Y. 2008)). However, assuming *arguendo* that the email been privileged under the common interest doctrine, Parker East waived its right to claim privilege by emailing the unredacted document in connection with this motion to all other defense counsel, including counsel for 305 East 24th Owners Corp. ("305 East"), which was neither a party to the original email nor, at least on the facts before the Court, a party to any common interest understanding with Parker East.

Furthermore, by affirmatively using the email in support of its motion to vacate, Parker East places the content of the disputed email at issue, thereby waiving any claim of privilege on its part. "It is well established doctrine that in certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted. The loss of the privilege in these circumstances is sometimes described as *implied waiver*, sometimes as *'at issue' waiver* because it results from the party having placed a contention at issue." *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003) (emphasis in original) (citations omitted). At-issue waiver is also known as the *Hearn* doctrine. *Hearn v. Rhay*, 68 F.R.D. 574 (E.D.Wash. 1975). "The limits of the *Hearn* doctrine have been the source of much contention, but courts have generally applied the *Hearn* doctrine liberally, finding a broad waiver of attorney-client privilege where a party asserts a position the truth of which can only be assessed by examination of the

2

privileged communication." *Bank Brussels Lambert v. Credit Lyonnais (Suisse), S.A.*, 210 F.R.D. 506, 510 (S.D.N.Y. 2002) (citations omitted).

That is precisely the case here: Parker East's motion asserts that the communications between Abid's counsel and Ms. Wong, including the email in question, gave rise to a good faith belief that Abid would defend and indemnify Parker East. To enable Kreisler and the other defendants the practical ability to respond to Parker East's motion, the email on which Parker East relies must be disclosed to all parties.[1] Accordingly, Parker East's request to file the email under seal or in redacted form is denied.

In addition, the Court has received a letter from Kreisler, dated March 18, 2013, requesting an extension of time to respond to Parker East's motion to vacate. Dkt. 88. The Court grants an extension from March 28 to April 4, 2013.

## CONCLUSION

For the reasons stated above, Parker East's request to file the October 12, 2012 email under seal is denied. Kreisler's request for an extension to respond to the motion to vacate is granted until April 4, 2013.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 26, 2013
  New York, New York

---

[1] As a party to what the Court assumes *arguendo* was a common interest relationship, Abid must independently waive privilege as to a confidential communication within the relationship for it to be disseminated to a third party. Abid has clearly done so here: *See* Dkt. 82, ¶ 12 ("[T]he emails are properly placed in the publicly-available record in this case.").

3