UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

TODD KREISLER,

        Plaintiff,

  -against-

KAIS ABID, d/b/a PAPA JOHN'S, KAM
FOUR, INC., a New York corporation,
d/b/a/ PAPA JOHN'S, PARKER EAST
24th APARTMENTS, LLC, a New York
limited liability company, PARKER
COMMERCIAL 24th ASSOCIATES, a
New York limited partnership, and 305
EAST 24th OWNERS CORP., a New
York corporation,

        Defendants.

------------------------------------------------------- X

**Civil Action No.: 12 CIV.4052 (PAE)**

**AFFIDAVIT OF**
**CYNTHIA M. WONG**

STATE OF NEW YORK    )
                                 ) s.s.:
COUNTY OF NEW YORK  )

    Cynthia M. Wong, being duly sworn, deposes and says:

    1.    I am employed as the Operations Compliance/Legal Affairs Manager for Parker Management New York, LLC ("Parker Management"), which is the managing agent for Defendants Parker East 24th Apartments, LLC ("Parker East") and Parker 24 Commercial Associates, L.P. ("Parker 24"). I have personal knowledge of the facts set forth in this affidavit, which I respectfully submit in support of Parker East's motion, under Rule 60(b)(1) of the Federal Rules of Civil Procedure, to vacate the default

15363914v.1

judgment against Parker East, and also to strike protected settlement discussions from the record under Rule 408 of the Federal Rules of Evidence.

2. I am not an attorney and my employer, Parker Management, does not employ any in-house attorneys. Furthermore, Parker 24 and Parker East do not employ any in-house attorneys. Rather, I am responsible for, among other things, communicating and coordinating with retained outside counsel on behalf of Parker Management, Parker East and Parker 24.

3. There is no corporate relationship between Parker 24 and Parker East other than the fact that both entities have the same managing agent, namely, non-party Parker Management.

4. By way of background, Defendant Kais Abid ("Mr. Abid") entered into a ten (10) year lease with Parker 24 on February 16, 2007 with respect to retail space located at 432 Second Avenue, New York, New York 10010 (the "lease"). A true and correct copy of the lease, with exhibits, as well as a Rider and Addendum, are annexed hereto as **Exhibit "A."**

5. Under the lease, Parker 24 is the landlord, and Mr. Abid is the tenant. Upon information and belief, Mr. Abid is a franchisee of Papa John's International, Inc. and operates a Papa John's retail store at 432 Second Avenue, New York, New York 10010 (the "premises"). Parker East is not a party to the lease.

6. Parker East is not an owner, proprietor, manager, superintendent, lessor, lessee, agent, employee or operator of the premises. The owner of the premises is Defendant 305 East 24th Owners Corp., which is a cooperative apartment that entered

into a Master Lease with Parker 24 (the "coop"). Further, Parker East does not have any interest in Parker 24, which is the entity that leases the premises to Mr. Abid.

7. I understand that the lease requires that Mr. Abid comply with all laws, rules, and regulations with respect to his occupancy of the premises, including but not limited to the Americans with Disabilities Act ("ADA") as well as similar state and municipal laws. I also understand that, under the lease, Mr. Abid is obligated provide both defense and indemnification to the landlord with respect to claims arising out of the use and operation of the premises.

8. I received a copy of the Amended Complaint in this action on or about September 10, 2012, which was transmitted to my office by the New York Secretary of State. The Amended Complaint named as a defendant Parker East even though the landlord under the lease was and is Parker 24. I initially reviewed the Amended Complaint and identified the allegations as being directed at the use and operation of the premises.

9. On September 10, 2012, I corresponded by e-mail with the tenant, Mr. Abid, who was also named in the Amended Complaint as a defendant, regarding this lawsuit. Specifically, I requested that Mr. Abid defend and indemnify Parker East, which was erroneously identified in the Amended Complaint as the landlord. I also requested that Mr. Abid defend and indemnify the coop, which was also named as a defendant. A true and correct copy of the September 10, 2012 e-mail correspondence between Mr. Abid and I is annexed hereto as **Exhibit "B."** In response, Mr. Abid advised me that he

had retained an attorney to handle this action, without specifying whether the attorney would enter an appearance on behalf of Parker East or the coop. *Id.*

10. On September 24, 2012, Mr. Abid requested a meeting with me to "finalize" any outstanding issues with this lawsuit. A true and correct copy of this e-mail correspondence dated September 24, 2012 is annexed hereto as **Exhibit "C."**

11. Accordingly, on September 27, 2012, I met with both Mr. Abid and his attorney, Mr. Paul Steinberg, in my office. During this meeting, I reminded Mr. Abid and his attorney that the landlord was entitled to defense and indemnification under the lease. I restated my request that Mr. Abid's attorney appear on behalf of Parker East in this action. At the meeting, Messrs. Abid and Steinberg did not at any time indicate that Parker East was not entitled to defense or indemnification under the lease, or that such defense or indemnification would not be provided by Mr. Abid.

12. In or about early October 2012, I spoke with counsel for the coop and learned that a default had been entered against Parker East and Mr. Abid in this action. I thereafter corresponded with Mr. Abid by e-mail on October 11, 2012 to advise him of the recent entry of default. Further, I indicated that I had not heard back from his attorney since our meeting on September 27, 2012. A true and correct copy of this e-mail correspondence dated October 11, 2012 is annexed hereto as **Exhibit "D."**

13. On October 12, 2012, I received an e-mail from Mr. Steinberg addressed to *both* myself and his client, Mr. Abid, which discussed the merits of Plaintiff's claims for injunctive relief and a legal strategy for responding. A true and correct copy of this

4

e-mail from Mr. Steinberg to Mr. Abid and I on October 12, 2012 is annexed hereto as **Exhibit "E"** (redacted).

14. I corresponded with Mr. Abid by e-mail on October 17, 2012 in order to direct his attorney to enter an appearance on behalf of Parker East, and to formally agree to defend and indemnify Parker East in this action. A true and correct copy of this e-mail is annexed hereto as **Exhibit "F."**

15. On November 8, 2012, I received an e-mail from the coop's attorney, which advised that the Court had scheduled a hearing on December 10, 2012 to address the default entered against both Mr. Abid and Parker East. In this e-mail, which was also addressed to Mr. Steinberg, counsel for the coop requested a telephone conference among the defendants to address this matter. A true and correct copy of this e-mail dated November 8, 2012 is attached hereto as **"Exhibit "G."**

16. Accordingly, I had a telephone conference with both Mr. Steinberg and the coop's attorney on November 12, 2012. *During this call, Mr. Steinberg stated that Mr. Abid would defend and indemnify Parker East in this action. Based on this representation, I understood that Parker East would be represented by counsel retained by Mr. Abid at the December 10, 2012 hearing.*

17. This discussion was confirmed in an e-mail sent by the coop's attorney to both Mr. Steinberg and I on November 26, 2012. A true and correct copy of this e-mail, and the response by Mr. Steinberg, are attached hereto as **Exhibit "H."** In response, Mr. Steinberg did not retract or revise his previous statement on November 12, 2012 that Mr. Abid would defend and indemnify Parker East. Rather, he simply requested that any

5

appropriate paperwork be sent to Barry Frank, Esq., who I believed at the time would enter an appearance on behalf of Parker East. *Id.*

18. I was not contacted by Mr. Frank or Mr. Steinberg regarding any paperwork required for Parker East to be defended by Mr. Abid's counsel. Furthermore, I understood, based on Mr. Steinberg's statements, that Parker East would be represented by Mr. Frank at the default judgment hearing on December 10, 2012.

19. Further, I had communications with Mr. Abid directly during this general period of time and believed, based on these communications, that Mr. Abid's attorney would appear on behalf of Parker East at this hearing.

20. On the afternoon of December 10, 2012, counsel for coop informed me that Mr. Frank attended the hearing that day, but failed to enter an appearance on behalf of Parker East. I immediately corresponded with Mr. Abid that same day by e-mail regarding his failure to defend Parker East. Mr. Abid replied by e-mail on December 11, 2012 and advised that he was "disappointed" that Mr. Frank did not appear on behalf of Parker East, and further indicated that he believed that the "necessary" arrangements were finalized for this representation. In his e-mail, Mr. Abid also indicated that he would try to "cure" the default judgment against Parker East. A true and correct copy of my e-mail correspondence with Mr. Abid between December 10-11, 2012 is annexed hereto as **Exhibit "I."**

21. After receiving a copy of the default judgment order dated December 11, 2012 by mail, I contacted the law firm of Seyfarth Shaw LLP to arrange for

representation of Parker East in this action. This representation was finalized on December 18, 2012.

22. On January 10, 2013, Parker 24 provided payment to counsel for Plaintiff, Adam Shore, Esq., in the amount of $1,000. This payment was issued to satisfy the default judgment order against Parker East dated December 11, 2012. During this period of time, the parties were engaged in settlement discussions. In light of the ongoing discussions, Parker East decided to participate in the settlement discussions to see if the case could be resolved before filing a motion to vacate the default judgment against Parker East.

23. I participated in settlement conferences in this action before Magistrate Judge Francis on February 13, 2013 and February 20, 2013 in a good faith effort to attempt to resolve this matter. These sessions did not resolve the matter.

24. On February 28, 2013 I sent an e-mail to Mr. Abid to address settlement. I intended for this communication to be kept confidential, and especially not to be made public. I understand from my attorneys that Mr. Abid has disclosed this e-mail to the Court, and filed it on a public docket.

15363914v.1

_[signature]_
Cynthia M. Wong

Sworn to before me
this 13th day of March, 2013

_[signature]_
Notary Public

JENNIFER RUBINSTEIN
Notary Public, State of New York
No. 01RU6201548
Qualified in Suffolk County
Commission Expires 3/2/17

8

15363914v.1