UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TODD KREISLER,

                Plaintiff,                Civil Action No.: 12 Civ. 4052 (PAE)
                                                          ECF CASE
      -v-

KAIS ABID d/b/a PAPA JOHN'S,                  PLAINTIFF'S OPPOSITION TO
PARKER EAST 24th APARTMENTS, LLC,        MOTIONS TO PRECLUDE
a New York limited liability company,             EXPERT TESTIMONY
KAM FOUR, INC., a New York corporation,
d/b/a PAPA JOHN'S, PARKER 24
COMMERCIAL ASSOCIATES, a New York
limited partnership, and 305 EAST 24TH OWNERS
CORP., a New York corporation,

                Defendants.
------------------------------------------------------------X

      Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), by and through his undersigned counsel, respectfully files this Response In Opposition to Defendants' Kais Abid's and Kam Four, Inc.'s d/b/a Papa John's Motions to Preclude Expert Testimony.

      The Plaintiff commenced this action on May 22, 2012 based on the defendants' lack of compliance with Title III of the Americans with Disabilities Act (hereinafter referred to as the "ADA", the Administrative Code of the City of New York § 8-107 et. seq., (hereinafter referred to as the "New York City Human Rights Law" or "NYCHRL"), and the New York State Executive Law § 296 et. seq., (hereinafter referred to as the "New York State Human Rights Law" or "NYSHRL")

      The Plaintiff, Todd Kreisler, asserts a claim that the Defendants are in violation of the aforementioned laws because the restaurant known as Papa John's, located at 432 Second Avenue, New York, New York (hereinafter referred to as "Papa John's"), denied the Plaintiff access to the benefits and accommodations within Papa John's, due to physical barriers at Papa John's.

1

Todd Kreisler has physical impairments resulting from cerebral palsy and rheumatoid arthritis, conditions that prevent him from walking and render him confined to a power wheelchair for mobility.

The Plaintiff seeks, inter alia, an Order requiring the Defendants to make all necessary modifications to the business to eliminate all barriers that prevent equal access to individuals with mobility impairments.

The Plaintiff's expert report [Exhibit "A"] dated March 14, 2013 was served on March 15, 2013.  Kais Abid and Kam Four, Inc.'s expert report [Exhibit "B"] dated February 8, 2013 was also served on March 15, 2013.

On March 27, 2013 defendants' Abid and Kam Four, Inc. filed a Motion to Preclude the Plaintiff's Expert Testimony.

## MEMORANDUM OF LAW

Rule 702. Testimony By Expert Witnesses; states: A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

## ARGUMENT

The Plaintiff's expert in this case, Michael Tobias, P.E., should not be precluded from testifying.  Mr. Tobias has a Bachelors of Science in Mechanical Engineering with Honors from Georgia Tech.  Mr. Tobias is a licensed Professional Engineer in New York.  Mr. Tobias is intimately familiar with New York City Building Code and designing for ADA

Compliance.  Mr. Tobias conducted numerous ADA Compliance Rule 34 Inspections as well as numerous ADA Compliant Design Projects.  [see Exhibit A at p.7]

Mr. Tobias conducted an informal pre-suit inspection and opined that the restaurant was in violation of the Americans With Disabilities Act, Title III, the NYCHRL and NYSHRL.  Mr. Tobias also conducted a formal Rule 34 inspection and generated a formal report based on his observations.  Mr. Tobias also took pictures of the restaurant and his opinion and testimony will be relevant and helpful to the trier of fact.

In *National Envelope Corporation v. American Pad & Paper Company of Delaware, Inc.,* 2009 U.S. Dist. Lexis 121308 (2009), "In considering a witnesses's practical experience and educational background as criteria for qualification, the only matter the Court should be concerned with is whether the expert's knowledge of the subject is such that his opinion will likely assist the trier of fact in arriving at the truth."

In the case at bar, Michael Tobias. P.E. is a qualified expert with the requisite knowledge, skill, experience, training, and education, whose opinion will likely assist the trier of fact in arriving at the truth.

In *Lentz v. Mason*, the Defendants filed a motion in limine to preclude certain testimony from Plaintiff's Expert Witness.  The Court held that given the critical role that Plaintiff's Expert Testimony plays, justice compels the Court to consider the merits of the Defendant's motion.

Also in *Lentz,* the Court held that Rule 702 and *Daubert v. Merrek Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993) requires that "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."

The Court further states that reliability requirement entails that "proposed testimony must be supported by 'good grounds,' based on what is known."  Finally the Court in Lentz,

3

stated:  The standard is not an exacting one.  Rather, Rule 702 merely requires the trial court to make a preliminary finding that the proffered testimony is both relevant and reliable while taking into the account the 'inquiry envisioned by Rule 702 . . . is a flexible one."

The Movants' motion should be denied because Micahel Tobias, P.E.  (a) has scientific, technical, or other specialized knowledge that will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony of Michael Tobias, P.E. will be based on sufficient facts or data; (c) the testimony of Michael Tobias, P.E. will be based on the product of reliable principles and methods; and (d) the Plaintiff's expert will reliably apply the principles and methods to the facts of the case.

## CONCLUSION

The Plaintiff therefore respectfully requests the defendants' Motion to Preclude the Expert Testimony of Michael Tobias, P.E. be denied, or for such other and further relief as deemed just and proper.

Dated: April 1, 2013
      New York, New York

                                       Respectfully submitted,

                                       */s/ Adam Shore*
                                       Adam T. Shore, Esq.
                                       Law Offices of Adam Shore, PLLC
                                       Attorney for Plaintiff
                                       100 Park Avenue, Suite 1600
                                       New York, New York 10017
                                       Telephone:   (646) 476-4296
                                       Facsimile:   (646) 390-7422
                                       Email:          atsesq@gmail.com