UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Todd **KREISLER**,

                  Plaintiff,

              v.

Kais **ABID**,
*d/b/a PAPA JOHN'S;*
**KAM FOUR INC**,
*A New York Corporation d/b/a/ Papa John's,*
**PARKER EAST 24TH APARTMENTS LLC**,
*A New York Limited Liability Company;*
**PARKER COMMERCIAL 24TH ASSOCIATES**,
*A New York Limited Partnership,*
**305 EAST 24TH OWNERS CORP.**,
*A New York Corporation*
                  Defendants.
_____

12 civ. 4052 (PAE)

FRE 702(A) MOTION
Reply To Opposition (Dkt. 98)

TO:    Adam Shore, Esq.

         Gary Ehrlich, Esq.

         John Egan, Esq.

Via ECF filing

       Defendants Kais Abid & Kam Four Inc. (hereinafter, "the PJ Defendants"), by their attorney Barry Frank Esq., submit this affirmation in support of their motion to preclude testimony by Michael Tobias (Supporting Affirmation at Document 97), and in Reply to the Plaintiff's Opposition (Document 98)

1. Since the Opposition does not specifically address the 5 points raised in our Motion at paragraph 14, there is nothing further to add on those points, and the Court may properly grant the Motion to Preclude.

2. To the extent that the Plaintiff's objection relies on 3 cases, we briefly reply.

## PLAINTIFF/OPPONENT'S RELIANCE ON *NATIONAL ENVELOPE* IS IN ERROR

3. The first case cited by Plaintiff is *National Envelope Corp. v. American Pad & Paper Co. of Delaware*, 2009 U.S. Dist. Lexis 121308 (S.D.N.Y. 2009).

4. Since Plaintiff does not bother putting a page number in his pleading, we assume that Plaintiff is referring to *National Envelope* at *7.

5. The actual quote used by Plaintiff is found in *National Envelope*, but is actually that court quoting from *Valentin v. New York City*, 1997 WL 33323099 (E.D.N.Y. 1997).

6. *National Envelope* involved cross-motions to preclude expert testimony.

7. Only one of those motions raised the issue of the expert's experience (or lack thereof).

8. The relevant motion related to whether the defense expert was qualified, and even with regard to the defense expert, the court began by stating "the crux of the issue here is relevance" *National Envelope* at *15. (And indeed, the *National Envelope* court excluded some expert testimony on the ground of relevance, Id. at *27)

9. When the court did get to the issue of qualification, it noted that the proffered expert had considerable qualifications relevant to the case: the key dispute was over research methodology relating to trademarks and the court noted that the expert had conducted verification tests and that the expert's methods of research "have been reviewed by the USPTO, which utilizes the same type of research techniques," Id. at *19.

10. Plaintiff's reliance on *National Envelope* is odd:

11. To the extent that *National Envelope* is cited for the "crux" of relevance, the case supports the Movant in the instant case.

12. To the extent that *National Envelope* is cited for the proposition that an expert must have expertise in the area which is at issue in the case, we have addressed this issue in the section of our motion captioned "*The Experience of Mr. Tobias Is Not Applicable to This Case*," (Dkt 97 at ¶¶ 17 thru 21).

## PLAINTIFF'S RELIANCE ON *LENTZ* IS IN ERROR

13. The next case raised in Opposition is *Lentz v. Mason*. (no cite provided in original).

14. Since the Plaintiff does not provide a case citation, we note that there are 2 cases captioned identically.

    a. *Lentz. v. Mason*, 961 F.Supp. 709 (D. N.J. 1997) ("*Lentz I*")

    b. *Lentz v. Mason*, 32 F.Supp.2d 733 (D. N.J. 1999) ("*Lentz II*")

15. We assume the Plaintiff is referring to *Lentz II* at 744:

    The Lentzes have not opposed this motion, however, given the critical role [the expert's] testimony plays in the Lentzes' ability to prove their case, justice compels me to consider the merits of the motion [brought by the government].

16. The proferred expert testimony in this CERCLA case involved "the hazardousness of the torpedo tube end cuts," Id. and whether the expert had "failed to test for epichlorohydrin," Id. at 745

17. The instant case is not one where the Court is blinded with science and hit with technology, c.f., *U.S. v. Horn*, 185 F.Supp.2d 530 (D.Md. 2002) at FN 37, <u>citing</u> THOMAS DOLBY, <u>*She Blinded Me With Science*</u>, on THE GOLDEN AGE OF WIRELESS (Capitol Records 1982).

18. By contrast, the Plaintiff merely asserts that the "expert" took some photos and "opined" that there is a violation of statute (Plaintiff's Opposition at page 3, Dkt. # 98).

19. Of relevance to the instant case is that the *Lentz II* court did preclude testimony as to remediation:

> Because [the expert] did not include any remediation plan in his report, I find that he has no reasoned basis upon which to assess the costs of remediation. Accordingly, I will grant the Defendants' motion…in this respect and preclude any testimony…relating to "clean-up" costs. *Lentz II* at 744.

20. One of the points raised in the instant Motion relates precisely to this issue: as discussed in the Motion at paragraph 14, much of the issue in this case relates to the question as to what is "readily achievable" as that term is used in the statute and related DoJ interpretive guidance; cost being a central—if not *the* central—element.

21. On that basis, we would agree with Plaintiff's reliance on *Lentz II*, since the proffered expert does not have any plan for making the premises accessible, and merely asserts conclusory dollar amounts despite evidencing no expertise in that area.

### *DAUBERT* IS APPLICABLE TO THIS MOTION, AND PLAINTIFF'S QUOTE FROM *DAUBERT* IS TAKEN OUT OF CONTEXT

22. The third and final case relied upon by Plaintiff is "*Daubert v. Merrek* [sic] *Dow Pharmaceuticals, Inc.*" 509 U.S. 579 (1993).

23. The question as to whether to refer to the case as "Dow-bear" or "Dow-bert" (in Kings County, "Dow-boit") is a perennial topic for debate at CLE programs, but there is no debate that the counter-party is "Merrell Dow."

24. As with each and every citation in Plaintiff's submission, the citation does not include a page reference, leaving that to the reader to determine.

25. In the *Daubert* quote relied upon by Plaintiff, it appears that the quote comes from page 589:

> [T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable, Id. at 589

26. The 2 sentences which precede that quote are relevant to the instant motion:
> That the *Frye* test was displaced by the Rules of Evidence does not mean, however, that the Rules themselves place no limits on the admissibility of purportedly scientific evidence. Nor is the trial judge disabled from screening such evidence. Id.

## THE SLOPPINESS OF PLAINTIFF'S SUBMISSION IS RELEVANT TO OTHER MATTERS IN THIS CASE

27. While not directly related to the instant Motion, we respectfully note that we have previously raised before this Court certain matters relating to Plaintiff's counsel.

28. Relevant to the Opposition pleading itself, (Dkt. 98) we note that the sloppiness of the submission is pertinent to any consideration (or reconsideration) which this Court may give with respect to Mr. Shore's past or future fee applications.

29. Since we originally raised concerns as to Mr. Shore's competence and integrity, the matter has been the subject of a ruling by Judge Sterling Johnson and a New York Times article.

**WHEREFORE**, Movant seeks that this Court preclude the testimony of Mr. Tobias, and for such other and further relief as this Court deems just and proper.

Dated: Fort Lee, New Jersey
April 3, 2013

**Law Firm of Barry N. Frank & Associates PC**
*Attorneys for the Defendant, Kais Abid*

BY:_____/s/ Barry N. Frank, Esq.
440 West Street, 3rd Floor
Fort Lee, New Jersey 07024-5028
(201) 461-2500