UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

TODD KREISLER,
                              :

              Plaintiff,           :

            -against-        :

KAIS ABID, d/b/a PAPA JOHN'S, KAM
FOUR, INC., a New York corporation, d/b/a/
PAPA JOHN'S, PARKER EAST 24th
APARTMENTS, LLC, a New York limited
liability company, PARKER COMMERCIAL
24th ASSOCIATES, a New York limited
partnership, and 305 EAST 24th OWNERS
CORP., a New York corporation,

              Defendants.

------------------------------------------------------- X

**Civil Action No.: 12 CIV 4052 (PAE)**

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO
VACATE UNDER FED. R. 60(b) AND TO STRIKE CONFIDENTIAL
SETTLEMENT DISCUSSIONS FILED BY DEFENDANT KAIS ABID**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     PRELIMINARY STATEMENT .................................................................................. 1

II.    THE COURT SHOULD GRANT PARKER EAST'S MOTION TO VACATE ............. 2

     A.    The Three Criteria Under Rule 60(b)(1) Weigh Strongly in Favor of Vacating the Default Judgment.................................................................. 2

         1.    Parker East's Default was Not Willful........................................................ 2

            a.    Defendant Abid Does Not Dispute that His Attorney Advised Ms. Wong's that Abid Would Defend and Indemnify Parker East in this Action ....................................................................... 2

            b.    Defendant Abid's Attempts to Distinguish Parker East's Referenced Authority Should be Rejected...................................... 4

            c.    Plaintiff has Not Provided any Argument or Evidence of Willfulness by Parker East .............................................................. 5

            d.    A Hearing is Not Necessary to Grant this Application................... 6

         2.    Parker East has Established a Meritorious Defense.................................... 6

         3.    Plaintiff Will Not Suffer any Prejudice if the Court Vacates the Default Judgment ...................................................................................... 7

     B.    Parker East is Not in Contempt of the Court's Order and Judgment dated December 14, 2013 ................................................................................. 7

     C.    Parker East's Motion under Rule 60(b) is Not Time-Barred................................. 8

III.   THE COURT SHOULD GRANT PARKER EAST'S MOTION TO STRIKE................. 9

CONCLUSION................................................................................................................. 10

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Blau v. Tom Kestler Design Build, Inc.*,
01-civ-3689 (RO), 2002 U.S. Dist. LEXIS 398 (S.D.N.Y. Jan. 14, 2012).................................4

*Costello v. Hai Sun Chinese Restaurant NY, Inc.*,
No. 11 CV 0280 (KAM), (E.D.N.Y. Feb. 27, 2012), *adopted at* 2012 U.S. Dist.
LEXIS 38633 (E.D.N.Y. Mar. 21, 2012)...................................................................................9

*Mazzone v. Stamler*,
157 F.R.D. 212 (S.D.N.Y. 1994) ..............................................................................................8

*Nationwide Mut. Fire Ins. Co. v. Rankin*,
199 F.R.D. 498 (W.D.N.Y. 2001)............................................................................................5

OTHER AUTHORITIES

Fed. R. Evid. 408 ................................................................................................................1, 9, 10

Fed. R. Civ. P. 60 ...................................................................................................... *passim*

## I.    PRELIMINARY STATEMENT

The default judgment that is the subject of this application was not the result of willful conduct by Parker East 24th Apartments, LLC ("Parker East").  Defendant Kais Abid's attorney promised to defend and indemnify Parker East on November 12, 2012.  Parker East's representative, Ms. Cynthia Wong, reasonably relied on this representation.  After Defendant Abid's litigation counsel failed to enter an appearance on behalf of Parker East at the default judgment hearing on December 10, 2012, the Court issued the default judgment the very next day.  In response to this motion to vacate, *Defendant Abid does not deny that his counsel made this representation.  He does not, for example, submit any affidavits or declarations to the contrary.*  Ms. Wong is not an attorney.  Under well-established authority, her reliance on the representations of Defendant Abid's lawyer does not even approach the Second Circuit's standard for willful conduct in this context.

Further, Parker East has established a "meritorious defense" to this action.  Parker East is not the owner, lessor, lessee, or operator of the property at issue and thus cannot be held liable for any of Plaintiff's claims.  In their respective papers, neither Plaintiff nor Defendant Abid has submitted any evidence or arguments to the contrary.  Further, Plaintiff will not suffer any prejudice by a vacatur.  Plaintiff contends in his opposition papers that he has conducted some limited discovery, but does not dispute that, after recently adding two new defendants to the case, the timeframe for discovery will not be impacted by reopening the judgment against Parker East.  All of the relevant factors identified by the Second Circuit weigh overwhelmingly in favor of granting Parker East's motion to vacate.

In addition, the Court should grant Plaintiff's motion to strike the confidential settlement discussions recently filed by Defendant Abid in this action.  Contrary to Defendant Abid's arguments in his submission, this disclosure violates the clear provisions in Federal Rule of

1

Evidence 408(a)(2), and was not sanctioned by this Court's prior order.  The Court should not

countenance this inappropriate litigation conduct, particularly when the arguments advanced by

Defendant Abid in defense of this conduct boldly misrepresent the facts.

## II.     THE COURT SHOULD GRANT PARKER EAST'S MOTION TO VACATE

### A.     The Three Criteria Under Rule 60(b)(1) Weigh <u>Strongly in Favor of Vacating the Default Judgment</u>

#### 1.     Parker East's Default was Not Willful

##### a.     *Defendant Abid Does Not Dispute that His Attorney Advised Ms. Wong's that Abid Would Defend and Indemnify Parker East in this Action*

As set forth in Ms. Wong's affidavit, on November 12, 2012 Mr. Steinberg advised Ms.

Wong by telephone that Defendant Abid would defend and indemnify Parker East in this action.

Affidavit of Cynthia Wong dated March 13, 2012 ("Wong Aff."), at ¶16.  Ms. Wong relied this

representation, as well as other statements and conduct by Defendant Abid and his attorneys in

deciding not to retain counsel to appear at the default judgment hearing on December 10, 2012.

*Id.* at ¶¶ 16, 18, 19.  As a result, the Court issued the default judgment against Parker East on

December 11, 2012.   In his submission, styled a "Reply to Motion" ("Reply Br." or "Reply

brief"), *Defendant Abid does not deny that on November 12, 2012 Mr. Steinberg represented to*

*Ms. Wong that Abid would defend an indemnify Parker East.  He does not, for example, submit*

*an affidavit, declaration or any other evidence to dispute Ms. Wong's account of this telephone*

*conference.*

Rather than dispute this statement, Defendant Abid instead argues that, at the time, there

could not have been any joint representation of Parker East and Abid under the provisions of the

New York Rules of Professional Conduct.  Reply Br., at ¶¶ 72.  This argument misses the point

entirely.  It is undisputed that, to determine whether the default party acted willfully, courts must

examine whether there was bad faith or other evidence to show conduct "more than mere negligence."  Memorandum of Law in Support of Motion to Vacate ("Moving Br."), at 6-7.  It also undisputed that, under prevailing Second Circuit case law, even gross negligence is insufficient to establish willfulness.  There is absolutely no evidence of willfulness by Ms. Wong, as she instead relied on the conduct and representations of both Defendant Abid and his counsel.  The argument that Ms. Wong, a non-lawyer, should have discredited Mr. Steinberg's promise of representation based on the provisions of New York Rules of Professional Conduct is patently absurd.

Rather than deny that Mr. Steinberg promised Parker East defense and indemnification, Defendant Abid references publications on "conversation analysis" and "turn-taking for conversation."  Defendant Reply, at ¶ 38-62.  Defendant Abid's attempts at sarcasm and humor in his papers are a transparent attempt to deflect attention from his failure to provide a scintilla of evidence to dispute Ms. Wong's account.

The Court should likewise reject Defendant Abid's specious arguments regarding e-mails sent *after* Mr. Steinberg promised defense and indemnification for Parker East on November 12, 2012.  In the absence of an affidavit or declaration from Mr. Steinberg, Defendant Abid attempts to parse the language of these e-mails.  Reply Br., at ¶¶ 38-62.  The e-mail from counsel for the coop dated November 26, 2012 plainly confirms the *discussion* on November 12, 2012, if not the specific representations made during the discussion.  *See* Wong Aff., at **Exh. H**.  It is, however, significant that Mr. Steinberg did not respond to this e-mail by disavowing his earlier promise or indicating that Defendant Abid was *not* defending the coop or Parker East.  Rather, in his e-mail of December 4, 2012, he invited the submission of appropriate paperwork to Abid's litigation counsel.  *Id.*  Defendant Abid's arguments as to how *the coop's attorney* would have construed

3

this response is utterly irrelevant -- the issue is the reasonable reliance of Ms. Wong, a non-lawyer, on the statements and conduct by Defendant Abid and his counsel.  Reply Br., at ¶¶ 55-58.

Although Defendant Abid purports to examine the semantics of e-mails following the November 12, 2012 conference call, he utterly ignores his own e-mail of December 11, 2012, which responded to the news that Parker East was not represented at the default judgment hearing.  In this e-mail, attached as Exhibit "I" to the Wong Affidavit, Abid stated that he was "disappointed" by this failure and, impliedly recognizing the broken promise, indicated that he would "try to cure" the default judgment on Parker East's behalf.  *Id.* at **Exh. I.**  Defendant Abid has not provided an affidavit or any other evidence to amplify or clarify why he would have responded in this manner if Parker East was *not* previously promised defense and indemnification by Mr. Steinberg.

        b.    *Defendant Abid's Attempts to Distinguish Parker East's Referenced Authority Should be Rejected*

Rather than provide any evidence or arguments to suggest that Parker East's default was willful, Defendant Abid instead distorts and misconstrues the case law referenced in the moving papers.  The Court should reject these specious arguments.

For example, the decision in *Blau v. Tom Kestler Design Build, Inc.*, 01-civ-3689 (RO), 2002 U.S. Dist. LEXIS 398 (S.D.N.Y. Jan. 14, 2012) directly supports the conclusion that Ms. Wong did not act willfully.  There, the corporate representative of the defaulting party, who similarly was not a lawyer, was held to have acted with excusable neglect in failing to respond to the complaint.  Significantly, the court in *Blau* found excusable neglect *even though* the representative was *repeatedly* advised by counsel for the plaintiff to retain an attorney.  *Id.* at *3-

\*4.  Ms. Wong, in contrast, was not afforded that courtesy, but instead was led to believe that Parker East would be defended and indemnified by Abid.

As in *Nationwide Mut. Fire Ins. Co. v. Rankin*, 199 F.R.D. 498 (W.D.N.Y. 2001), a non-lawyer's interpretation of a promise of a legal defense, if offered by an attorney, is ample grounds to find excusable neglect.  Defendant Abid's argument that the *Rankin* decision is somehow distinguishable because it involved insurance coverage is a distinction without difference.  Defendant Abid's lease, as with a liability insurance policy, imposes duties of defense and indemnification.  *See* Declaration of John W. Egan dated March 13, 2013 ("Egan Decl."), at **Exh. 3** (excerpting relevant defense and indemnification provisions from the lease).  Mr. Steinberg's promise of defense and indemnification under the lease is no different that the representation at issue in *Rankin* -- an insurance lawyer's representation to an insured that his client would provide a defense in the underlying action under the terms of the policy.  199 F.R.D. at 503-504.  But while the insured in *Rankin misinterpreted* this promise as extending to a separate declaratory judgment action commenced by the insurer, Ms. Wong, in contrast, did not misinterpret Mr. Steinberg's statement.  *Id.* at   She acted accordingly based on his promise of representation for Parker East in this action.

c.  *Plaintiff has Not Provided any Argument or Evidence of Willfulness by Parker East*

In his "Opposition to Defendant's Motion to Vacate Final Default Judgments" ("opposition brief" or "Plaintiff Opp."), Plaintiff argues that Parker East "may . . . have" acted willfully based on when Ms. Wong contacted an attorney.[1]  Plaintiff Opp., at 4, 6.  This argument is frivolous.  The chronology of the relevant events is plainly set forth in Ms. Wong's affidavit and annexed documents: (1) after communicating with Mr. Steinberg in November of

---

[1] In his opposition brief, Plaintiff also misapprehends the law by arguing that "dilatory" conduct is grounds for denying a motion to vacate.  Plaintiff Opp., at 6.  This is not the correct legal standard.

2012, Ms. Wong believed that Parker East would be represented at the default judgment hearing on December 10, 2012; (2) after speaking with counsel for the coop on the afternoon of December 10, 2012, she learned that Parker East was not represented at the hearing; (3) she received a copy of the Final Default Judgment dated December 11, 2012 by mail; and (4) *thereafter* she contacted Seyfarth Shaw LLP, which was engaged in December 18, 2012.  Parker East Wong Aff., at ¶¶ 16-21.  Thus, it is abundantly clear from the moving papers that Ms. Wong contacted counsel *after* the default judgment issued.  She did not have the benefit of counsel until after Defendant Abid reneged on his promise to defend Parker East at the default judgment hearing on December 10, 2012.  As Plaintiff and Defendant Abid have utterly failed to establish any degree of willfulness by Parker East under prevailing case law, this factor weighs heavily in favor of vacating the default judgment.

> d.      *A Hearing is Not Necessary to Grant this Application.*

Despite failing to provide *any evidence* to support his arguments, Defendant Abid requests that the Court hold a full hearing with "all parties" having the opportunity to cross-examine Ms. Wong and Mr. Steinberg.  Reply Br., at ¶ 9.  A hearing is completely unnecessary since neither Defendant Abid nor Plaintiff have presented any reason for the Court to conclude that Ms. Wong acted with any degree of willfulness.  Rather, she relied on the representations and conduct by Defendant Abid and his lawyers.

## 2.      Parker East has Established a Meritorious Defense

In addition to the fact that Parker East's default was not willful, Parker East has also established a "meritorious defense" to Plaintiff's claims.  This factor likewise weighs in favor of vacating the default judgment.

Neither Plaintiff nor Defendant Abid have provided any legitimate basis to dispute that Parker East is *not* the owner, lessor, lessee, or operator of property and thus cannot be held liable

in this action.  *See* Moving Br., at 10-12; Wong Aff., at ¶¶ 4-8, **Exh. A**.  In his opposition brief, Plaintiff even references the averment in the coop's pleading that Parker 24 Commercial Associates ("Parker 24") (rather than Parker East) is the coop's current tenant for the property. Plaintiff Opp., at 6 (*citing* Docket No. 80, at ¶ 47).  Indeed, Plaintiff was apparently well-aware of this fact when he amended the Complaint to name Parker 24 as a defendant.

### 3.    Plaintiff Will Not Suffer any Prejudice if the Court Vacates the Default Judgment

The Court should also vacate the default judgment based on the third and final factor under Rule 60(b)(1), namely, the potential for prejudice to Plaintiff.  In his opposition brief, Plaintiff has *failed to show any prejudice* that would result if the Court grants Parker East's motion.  The only statements in the opposition brief that even hint at potential prejudice is Plaintiff's insistence that he previously served discovery on the coop.  Plaintiff's Opp., at 5.

In the opposition brief, Plaintiff does not attempt to distinguish any of Parker East's referenced cases holding that litigation delays are insufficient to establish prejudice under this framework.  Moving Brief, at 12.  Further, Plaintiff does not dispute the assertion in the moving papers that, despite the outcome of this motion, he must conduct discovery from recently-named defendants Kam Four, Inc. and Parker 24.  *See* Moving Br., at 12-13.  Thus, even if litigation delay were sufficient to show prejudice -- and it is not -- Plaintiff has utterly failed to even show such a delay would result if the Court grants Parker East's motion.  Thus, the complete lack of any resulting prejudice also weighs strongly in favor of granting Parker East's motion to vacate.

### B.    Parker East is Not in Contempt of the Court's Order and Judgment dated December 14, 2013

By arguing in its opposition brief that Parker East is in contempt of the Court's orders, Plaintiff mischaracterizes the plain language of these orders.  *See* Plaintiff Opp., at 9.  By way of background, the Court issued a Final Default Judgment on December 11, 2012, which directed

Parker East to compensate Plaintiff for $1,000 in compensatory damages within thirty (30) days of the date of that Judgment. Egan Decl., at **Exh. 1.** As set forth in Ms. Wong's affidavit, the parties were engaged in settlement discussions during January and February of 2013. Wong Aff., at ¶¶ 22-23. Nonetheless, Parker 24 made payment to Plaintiff for the $1,000 ordered by the Court on January 10, 2013, which was within the 30-day timeframe set forth in the Judgment.[2] *Id.* at ¶ 22.

Parker East is not in contempt of the Order and Judgment dated December 14, 2012. Plaintiff represents that under this Order the deadline for compliance was also 30 days. Plaintiff Opp., at 2-3. *This is a blatant falsity.* As clearly disclosed in the Order, there is no 30 day deadline for compliance. Egan Decl., at **Exh. 2.** Plaintiff's assertion that Parker East is in contempt is without any support and is based solely on a misrepresentation of the Court's December 14, 2012 Order.

### C.    Parker East's Motion under Rule 60(b) is Not Time-Barred

Plaintiff's argument in opposition that Parker East's motion is untimely is likewise completely without merit. Parker East is moving under Rule 60(b)(1). Under this Rule, the motion to vacate must be filed within a reasonable time, and no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). Considering Parker East's participation in settlement discussions between January and late February of 2013, which included two settlement conferences before Magistrate Judge Francis on February 13, 2013 and February 20, 2013, the three month delay in filing this application was reasonable under prevailing case law. Wong Aff., at ¶¶ 22-23. *See also Mazzone v. Stamler*, 157 F.R.D. 212, 214 (S.D.N.Y. 1994)

---

[2] Plaintiff does not provide any support in his papers for the assertion that Parker East's payment of the $1,000 ordered by the Court on December 11, 2012 is somehow an admission of liability. *See* Plaintiff Opp., at 2. It clearly is not an admission of any kind in light of this application and the ample evidence presented showing that Parker East is not a proper party.

(holding that 10 month delay in filing motion to vacate default judgment under Rule 60(b)(1) was not unreasonable); *Costello v. Hai Sun Chinese Restaurant NY, Inc.,* No. 11 CV 0280 (KAM), *4-*5, *24 (E.D.N.Y. Feb. 27, 2012) (granting motion to vacate despite 5 month delay in filing the motion), *adopted at* 2012 U.S. Dist. LEXIS 38633 (E.D.N.Y. Mar. 21, 2012). Plaintiff does not cite or reference a single case in support of his argument that Parker East's three month delay in filing the motion to vacate is untimely.[3]

## III.   THE COURT SHOULD GRANT PARKER EAST'S MOTION TO STRIKE

Rule 408 of the Federal Rules of Evidence broadly provides that "a statement made during compromise negotiations" is not admissible, subject to several inapplicable exceptions for criminal and regulatory actions. Fed. R. Ev. 408(a)(2). Thus, communications between Defendant Abid and Ms. Wong concerning whether to settle and the potential consequences of not settling plainly qualifies as "a statement made during compromise negotiations" and should not have been filed on the public docket by Defendant Abid.

In defense of his inexplicable decision to file this communication, Defendant Abid misrepresents the facts. He specifically contends that the March 1, 2013 e-mail sent by Ms. Wong to Mr. Abid was not a communication between parties to this action. Reply Br., at ¶¶ 107, 121, 135(b). This assertion is not only wrong, it is absurd. Ms. Wong is plainly a representative of both Parker East and Parker 24. Wong Aff., at ¶¶ 1-3. Indeed, she appeared on behalf of Parker East at the settlement conferences before Magistrate Francis and has regularly communicated with Mr. Abid in this capacity. *Id.* at ¶¶ 9, 10, 11, 12, 14, 19, 22, 23. Further, contrary to Defendant Abid's assertions, Parker 24 was a party to this action when Ms. Wong sent the e-mail in question (*see* Docket No. 64 filed on March 1, 2013).

---

[3] The New York State Professional Rules of Conduct have absolutely no application to whether this motion was timely-filed. See Plaintiff Opp., at 3-4.

Defendant Abid also appears to argue that this communication was properly introduced as a general exception under Rule 408(b).  Reply Br., at 122-28.  This provision, however, states that "*[t]he court* may admit . . . evidence for another purpose" than the bases set forth in the Rule 408(a).  Fed. R. Ev. 408(b) (emphasis added).  Defendant Abid did not submit this communication to the Court for a ruling on admissibility, or otherwise comply with the Court's Individual Practice Rules for filing documents to be redacted or filed under seal.  Defendant Abid instead simply filed this confidential settlement communication without consulting with the Parker Defendants or the Court.

In his Reply brief, Defendant Abid also *boldly* points to *this Court's directives* to justify his inappropriate litigation conduct.  He argues that the document was filed because this Court requested that he provide on-point *case law* relating to a prior motion.  Reply Br., at ¶ 125.  *See also* Docket No. 63.  Confidential settlement communications are plainly not the *case law* that this Court requested, and this directive in no way justifies Defendant Abid's violation of Rule 408(a)(2).  For all these reasons, Parker East's motion to strike should be granted in its entirety.

## <u>CONCLUSION</u>

For all of the above reasons, Parker East respectfully requests that the Court:

(1)     grant its motion to vacate the Final Default Judgment issued against Parker East on December 11, 2012 (*see* Docket No. 34), as well as the related Order and Judgment dated December 14, 2012 (*see* Docket No. 39), pursuant to Fed. R. Civ. P. 60(b)(1);

(2)     strike from the record the final page of the document entitled "Response Pursuant to Court Order of 28 Feb 2013" filed by Defendant Kais Abid (*see* Docket No. 65), and direct the Clerk to remove this exhibit from the docket, pursuant to F.R.E. 408; and

(3)     award any other and further relief that this Court deems just and proper.

Dated:    New York, New York
         April 3, 2013

SEYFARTH SHAW LLP


By: /s/ John W. Egan
    John W. Egan
    620 Eighth Avenue
    New York, New York 10018
    (212) 218-5500
    *Attorneys for Defendants Parker East 24th Apartments LLC and Parker 24 Commercial Associates*